## Walsh *v.* City of Scranton, Appellant.

*Road law—Special injury—Deprivation of access—Damages.*

The owner of property which has been depreciated in value by reason of the destruction of the means of access thereto in the making of a public improvement, sustains an injury in his property rights, which is peculiar to himself, and which is different in kind from the injury sustained by those who use the street for travel only ; for the impairment of the special right of ingress and egress, he is entitled to compensation.

Where the construction of a retaining wall at the intersection of two streets results in leaving the property on one of the streets in a cul de sac, so far as vehicle traffic is concerned, the owners of property on such street are entitled to damages, and their remedy is by proceedings before a jury of view.

Argued Jan. 20, 1903.   Appeal, No. 56, Jan. T., 1903, by defendant, from judgment of C. P. Lackawanna Co., March T., 1897, No. 948, on verdict for plaintiff in case of John Walsh et al. v. City of Scranton.   Before BEAVER, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeal from award of jury of view.   Before McCLURE, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $200.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*David J. Davis*, assistant city solicitor, with him *G. M. Watson*, city solicitor, for appellant.—Municipalities are not answerable to abutters for the narrowing of their streets, neither can abutters dictate the width that shall be left for the vehicles to travel upon: McGee's Appeal, 114 Pa. 470 ; Gold v. City of Phila., 115 Pa. 184 ; Hobson v. Philadelphia, 155 Pa. 131 ; Collins v. N. E. Elevated Ry. Co., 32 W. N. C. 379 ; Mellor v. Phila., 160 Pa. 614 ; Stork v. Phila., 195 Pa. 101 ; Gibson v. Bridge Co., 192 Pa. 55.

The appellate courts of New York have held that a munici-

pality may, without making provision for compensation to adjoining owners, authorize the vacation and closing of one public way to their property, provided another way is left open: Coster v. Albany, 43 N. Y. 399; Fearing v. Irwin, 55 N. Y. 486; Kings County Fire Ins. Co. v. Stevens, 101 N. Y. 411, 417; Smith v. Boston, 61 Mass. 254.

No paper-book filed for appellee.

OPINION BY W. D. PORTER, J., October 5, 1903:

The city of Scranton having undertaken to improve Robinson street, built a retaining wall along the southerly side of the street at the intersection of Jackson street, and then filled in the street to the grade adopted. This retaining wall extended across the full width of Jackson street, except eleven feet at its westerly side, a part of this eleven feet the city set apart for the use of pedestrians and caused steps to be cut in the rock. There was testimony, which if believed, would have justified a finding that the effect of the change in conditions caused by the city was to make vehicle traffic over Robinson street into Jackson street absolutely dangerous, if not impossible. The plaintiffs were the owners of a lot fronting on Jackson street, a short distance south of Robinson street. Viewers were appointed to assess the damages and benefits arising from the improvement, and awarded damages to the plaintiffs, from which award the city appealed. Upon the jury trial which followed, the city asked for binding instructions in its favor, and the refusal of such instructions is the only ground for reversing the judgment, which has been seriously pressed.

The evidence as to the practicability of vehicle traffic from Jackson street into Robinson street, after the improvement was completed, was conflicting. The learned judge of the court below submitted the questions of fact to the jury, with instructions, of which the appellant has no just grounds for complaint. The jury found that the property of the plaintiffs had been depreciated in value by the deprivation of access to the system of streets to the northward. That fact being established, the plaintiffs was entitled to compensation for the injury, and the proceeding before viewers was the proper remedy. As affecting the right, no distinction can be drawn between a partial

and total deprivation of access. The impairment of the right is a legal injury differing in degree only from its total destruction. The effect of the building of the wall and construction of the steps in Jackson street was to leave the property of the plaintiffs in a cul de sac, so far as vehicle traffic was concerned, the outlet to the northward was cut off, there was no intervening cross street. A jury has found that the property was depreciated in value as a consequence of the change in the street, and the court would not have been warranted in holding that the loss was not the direct and proximate result of the improvement. The basis of the claim of the plaintiffs for compensation is that their land has been lessened in value, not that they have suffered in common with others, or to a greater extent than others, because of something peculiar to themselves. The owner of property which has been depreciated in value by reason of the destruction of the means of access thereto in the making of a public improvement, sustains an injury in his property rights, which is peculiar to himself, and which is different in kind from the injury sustained by those who use the street for travel only ; for the impairment of the special right of ingress and egress, he is entitled to compensation : Hobson v. Philadelphia, 155 Pa. 131 ; McGee's Appeal, 114 Pa. 470 ; Mellor v. Philadelphia, 160 Pa. 614 ; In re Melon Street, 182 Pa. 397 ; Walnut Street Bridge, 191 Pa. 153 ; Stork v. Philadelphia, 195 Pa. 101.

The suggestion of the learned counsel for appellant that the opening and improvement of Robinson street should be considered as a vacation of that part of Jackson street within the lines of the new street, has no foundation in the evidence. The land was, and still is part of a public highway. The city in improving one highway cut off access to it from another street.

The judgment is affirmed.