# O'Donnell v. Pittsburgh.

*Road law—Plan of lots—Dedication of streets.*

1. A sale of lots according to a plan which shows them to be on a street implies a grant, or covenant to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of it to public use; and the owner of any lot in the general plan may assert the public character of any street and the right of the public to use it. The rights in dedicated streets acquired by a purchaser of lots by a deed referring to a plat are private contract rights, and are not affected by the failure of the municipality to act upon the dedication.

2. The owner of any lot or lots who has purchased with the knowledge of the plan in accordance with which the lots were sold, cannot obstruct or deny to the public the right to use any of the streets or alleys shown on the plan. The easement over the streets is appurtenant to every lot, and becomes a property interest in the purchaser of the lot which may be protected by appropriate legal process.

3. As between parties claiming under the original proprietor and having notice of the plan of lots, it is immaterial whether the plan was signed, acknowledged, or recorded.

4. The fact that the original proprietor dedicated only twenty feet of a forty feet wide street, and that the remaining twenty feet was dedicated by another person to public use, does not defeat the right of a purchaser of lots in the plan to insist that twenty feet of street shown on the plan should be kept open for public use.

5. The Act of June 16, 1836, P. L. 749, providing that streets lanes and alleys within the city of Pittsburgh laid out by private persons shall be deemed public highways has no application to land laid out in lots when situated in a township, but which subsequently became part of the city of Pittsburgh. In such a case the right of a lot owner to an easement in the streets cannot be taken away by a city ordinance.

6. Where land has been laid out in a plan of lots showing streets and alleys, a reference to a street in the subsequent deeds as a public highway is proper, and is no evidence that it was such prior to the dedication by the proprietor who laid out the plan of lots.

Argued Oct. 31, 1911.  Appeal, No. 193, Oct. T., 1911,

by H. K. Porter Co., from decree of C. P. No. 2, Allegheny Co., Oct. T., 1910, No. 179, on bill in equity in case of Malachy O'Donnell v. City of Pittsburgh, Adolph Edlis, Treasurer of said City, H. K. Porter Company, a corporation of Pennsylvania et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction.

FRAZER, P. J., found the facts to be as follows:

1. Plaintiff is a citizen and taxpayer of the city of Pittsburgh, and that city is a municipal corporation of the second class under the laws of this Commonwealth; and the H. K. Porter Company and the McConway-Torley Company are corporations of this Commonwealth.

2. Plaintiff is the owner in fee simple of a lot of ground, being lot No. 32 in a plan of lots laid out by George A. Bayard, dated October 1st, 1836, and recorded in the Recorder's office of Allegheny County in Deed Book Vol. 73, page 495, having a frontage of fifty feet on the Southeast corner of Harrison Street and Forty-ninth Street (formerly Allegheny Street), and extending back of even width eastwardly along Forty-ninth Street one hundred feet to Plum Alley, upon which is erected a frame stable. Plaintiff's lot has for a number of years been leased to a dealer in coal, who uses the stable for stabling purposes and the remainder of the lot for storing slack coal thereon. The plan of George A. Bayard was recorded June 1, 1846, without either his signature attached or his acknowledgment. Subsequently on May 17, 1852, George A. Bayard signed and acknowledged the plan as recorded.

3. The plan of George A. Bayard referred to in the preceding finding contains the following: "I. George A. Bayard, the proprietor of the ground in the

above plan, and in consideration of enhancing the value of said ground, have given, granted and conveyed, and by these presents do give, grant and convey all the ground contained in the above named streets and alleys for public highways, to be used and enjoyed as public streets and alleys forever. In witness whereof I have hereunto set my hand and seal this 17th day of May, A. D. 1852. George A. Bayard." The plan referred to shows that Forty-ninth Street was the Eastern boundary of the property owned by George A. Bayard, and that the strip of land donated by him for that street was twenty feet in width. The street at the time of the vacation ordinance complained of by plaintiff being forty feet in width, when and from whom the other half of the land now included in Forty-ninth Street was acquired does not appear from the pleadings or the testimony. Whether Forty-ninth Street was an open and used thoroughfare previous to May 27, 1840, when plaintiff's lot was sold by George A. Bayard to Richard Fairfield does not appear from either the pleadings or evidence.

4. Defendant, the H. K. Porter Company, was on and before July 18, 1910, the owner of all the real estate abutting on each side of Forty-ninth Street between Harrison Street and the right-of-way of the Allegheny Valley Railroad, and had erected upon its property buildings for manufacturing purposes, and was at that time, and is now, engaged in the manufacture of engines and machinery, and now contemplates closing and building upon the portion of Forty-ninth Street between Harrison Street and the Allegheny Valley Railroad vacated by the ordinance of July 18, 1910, referred to in the Sixth Finding of Facts.

5. On May 14th, 1910, the H. K. Porter Company presented its petition to the Select and Common Councils of the City of Pittsburgh, setting forth that it was a majority of the property owners in interest and in number abutting on Forty-ninth Street between Harri-

son Street and the Allegheny Valley Railroad, and asking that Councils vacate Forty-ninth Street between Harrison Street and the Allegheny Valley Railroad. That street between the Allegheny Valley Railroad and the Allegheny River having been previously vacated by an ordinance of Councils, is now occupied by buildings constituting a portion of the manufacturing plant of the McConway-Torley Company.

6. In response to the petition referred to in the preceding Finding, Councils subsequently ordained, and the Mayor approved on July 18, 1910, an ordinance vacating Forty-ninth Street between Harrison Street and the Allegheny Valley Railroad, as shown in plan of the Borough of Lawrenceville, approved by the Council of that Borough March 22, 1867. A copy of the ordinance is "Exhibit 1" in plaintiff's bill, and contains a section providing that its provisions shall not become effective unless the H. K. Porter Company, within thirty days from its approval, pays into the City Treasury for the use of the City, the sum of Two Thousand Dollars.

7. On August 16, 1910, the H. K. Porter Company paid Two Thousand Dollars to the City Treasurer and received a receipt therefor, the following being a copy thereof:

"Pittsburgh, August 16, 1910. Received of H. K. Porter Co., $2,000.00 on account of being the consideration recited in the ordinance for the vacation of Forty-ninth Street from Harrison Street to A. V. R. R. It is understood and agreed, however, that as this ordinance and the vacation of said street has been attacked, if the litigation be successful and the said street be not vacated, the money hereinbefore received shall be returned to the H. K. Porter Company."

8. At the time of the passage of the ordinance of July 18, 1910, the City had constructed and in use on Forty-ninth Street between Harrison Street and the Allegheny Valley Railroad, a public sewer, and also

had laid in that portion of Forty-ninth Street pipes for supplying water to the public. By an agreement in writing entered into on the 13th day of July, 1910, between the City and the H. K. Porter Company and the McConway-Torley Company, it was agreed by and between all the parties that the vacation ordinance should not interfere with the sewer and water pipes of the City, that the same should remain as now located, and that the City should always have the right to "inspect, maintain, repair, reconstruct and enlarge the same as and when the said City may deem necessary, without any liability whatsoever to said corporations or either of them, their successors and assigns, and for that purpose shall have free ingress and egress with and for its employees, machinery, horses and materials."

9. Forty-eighth Street, the next street West of Forty-ninth Street, is open and traveled to the Allegheny River, and at the point where the street crosses the track of the Allegheny Valley Railroad there is a railroad siding extending West for a distance of three hundred feet, which has a capacity for the storing of three hundred cars per day for loading and unloading purposes.

10. George W. McCandless, who is Auditor of the McConway-Torley Company, acted for that Company and also for the H. K. Porter Company in securing the passage of the ordinance vacating Forty-ninth Street and Valley Street, a formal resolution of the Board of Directors of the latter company having been adopted September 20, 1910, approving, ratifying and confirming all that he had done in behalf of the Company in that matter.

The Court entered the following decree:

"And now, Aug. 2nd, 1911, this cause came on to be heard at this term, and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed as follows, viz: that a perpetual injunction

issue restraining the H. K. Porter Company, defendant above named, its agents or employees from closing or in any manner obstructing the southwesterly twenty feet of Forty-ninth street, formerly Allegheny Street, extending longitudinally from Harrison Street to the Allegheny Valley Railroad, situate in the Ninth Ward of the City of Pittsburgh, County of Allegheny and State of Pennsylvania, said twenty foot street, being more particularly located and laid out on the plan of lots, laid out by George A. Bayard, of record in the Recorder's office of said county in Deed Book, Volume 73, page 495. And said defendant, H. K. Porter Company, its agents and employees, are further enjoined from doing any act or acts whereby the plaintiff, Malachy O'Donnell, may be hindered or obstructed in the free and common use of said twenty foot street between said terminal points. The costs of these proceedings to be paid by the said defendant, H. K. Porter Company."

*Error assigned* was the decree of the court.

*Samuel McClay,* with him *McCook & Jarrett* and *Reed, Smith, Shaw & Beal,* for appellant.—The city had power to vacate the street: Henry Street, 123 Pa. 346; McGee's App., 114 Pa. 470; Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318.

Appellee has not shown that he had a private right of way over Forty-ninth Street: Paul v. Carver, 24 Pa. 207; Heckerman v. Hummel, 19 Pa. 64; Bellinger v. Union Burial Ground Society, 10 Pa. 135; Trutt v. Spotts, 87 Pa. 339; Brooklyn Street, 118 Pa. 640; Regan v. Gas Light Co., 137 Mass. 37; Bell v. Todd, 51 Mich. 21 (16 N. W. Repr. 304).

*Leonard K. Guiler,* for appellee.—The burden was certainly on the defendant to show that Allegheny Street, as shown on the Bayard plan, was a public street

before Bayard laid out his plan: Wickham v. Twad-dell, 25 Pa. Super. Ct. 188; Morrow v. Traction Co., 219 Pa. 619; McCall v. Davis, 56 Pa. 431; Birmingham Boro. v. Anderson, 48 Pa. 253; Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Smith v. Union Switch & Signal Co., 17 Pa. Super. Ct. 444; Higgins v. Sharon Borough, 5 Pa. Super. Ct. 92.

The plaintiff is the owner of a lot in the Bayard plan, and neither Bayard nor those who through Bayard subsequently acquired title to other lots in the plan could subsequently make changes which would deprive the plaintiff of the right which he acquired to use as public highways, the streets located upon the plan: Wickham v. Twaddell, 25 Pa. Super. Ct. 188; People's Nat'l. Bank v. Liquid Carbonic Co., 226 Pa. 503; Morrow v. Traction Co., 219 Pa. 619; Garvey v. Refractories Co., 213 Pa. 177; Jessop v. Kittanning Boro., 225 Pa. 583.

But as between the owners of lots in the plan claiming title from Bayard, recording was unnecessary: Garvey v. Refractories Co., 213 Pa. 177; Smith v. Union Switch & Signal Co., 17 Pa. Super. Ct. 444; Jessop v. Kittanning Boro., 225 Pa. 583.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1912:

The facts have been found and stated at length by the learned chancellor in the court below, and a brief summary of them here will be sufficient to enable us to dispose of the case. George A. Bayard was the owner of certain real estate in Peebles township, Allegheny County, and on October 1, 1836, laid it out in lots, intersected by streets and alleys, which he called "Hatfield." The plan was recorded June 1, 1846, without Bayard's signature or his acknowledgment. On May 17, 1852, Bayard endorsed upon the plan as recorded a dedication of "all the ground contained in the above named streets and alleys or highways to be used and

enjoyed as public streets and alleys forever," and then signed and acknowledged the plan. The plan as recorded also contained the following endorsement in writing on its face: "Plan of lots near U. S. Allegheny Arsenal laid out by George A. Bayard, Esq., October 1st, 1836, C. W. Remington." Subsequently the lots became a part of the borough of Lawrenceville and later, of the city of Pittsburgh. The plan contains forty-eight lots with four streets and two alleys, and on the easterly side appears a street called Allegheny Street. It also shows a line running its entire length from Butler Street to Clay Street twenty feet distant from the east property line with these words: "One half of a forty-foot street." This was Allegheny Street, now Forty-ninth Street.

By deed dated September 9, 1839, Bayard granted and conveyed lot No. 1 in the plan to Ralph Lee. On May 27, 1850, by deed of that date, Bayard conveyed to Richard Fairfield "all that certain lot situate in the town of Hatfield, Peebles township, being the same lot marked in the plan of lots laid out by George A. Bayard, No. 32, bounded by Harrison street, Allegheny street, and Cherry alley, containing in front on Harrison street fifty feet, and running back one hundred feet." The title to this lot has, by subsequent mesne conveyances, become vested in the plaintiff.

Allegheny street, now Forty-ninth street, has for many years been used as a public thoroughfare forty feet in width, one half of which, as above stated, was dedicated by George A. Bayard in his plan of lots. It appears by an ordinance enacted by the council of the borough of Lawrenceville that Allegheny street, subsequently known as Lathrop street, on the 5th day of March, 1866, was declared to be a public highway of a uniform width of forty feet from Butler street to the Allegheny river "as laid down in the original plan of George A. Bayard, in that portion of the borough which is known as Hatfield." Forty-ninth street between the

tracks of the Allegheny Valley Railroad and the Allegheny River has been vacated, and is now occupied for manufacturing purposes.

By an ordinance, approved July 18, 1910, of the city of Pittsburgh, Forty-ninth street between Harrison street and the Allegheny Valley Railroad, as shown in the plan of the borough of Lawrenceville, approved by the council of that borough March 22, 1867, was vacated. The plaintiff, the owner of lot No. 32 in the Bayard plan, filed this bill against the City of Pittsburgh, H. K. Porter Company, and the McConway and Torley Company. The bill contains nine prayers for relief, one of which is that the H. K. Porter Company be restrained from closing or in any manner obstructing Forty-ninth street, between Harrison street and the Allegheny Valley Railroad. This prayer for relief was granted by the court below, and a final decree was entered that a perpetual injunction be issued restraining the H. K. Porter Company "from closing or in any manner obstructing the southwesterly twenty feet of Forty-ninth street, formerly Allegheny street, extending longitudinally from Harrison street to the Allegheny Valley Railroad, * * * said twenty foot street being more particularly located and laid out on the plan of lots, laid out by George A. Bayard and of record in the Recorder's Office of Allegheny County," and further enjoining the H. K. Porter Company "from doing any act or acts whereby the plaintiff, Malachy O'Donnell, may be hindered or obstructed in the free and common use of said twenty foot street between said terminal points." No decree was entered against the City of Pittsburgh or the McConway and Torley Company.

It will be observed that this appeal, which was taken by the H. K. Porter Company, does not raise the question of the right of the City of Pittsburgh to vacate a street laid out in the Bayard plan of lots and dedicated by him to public uses. It is true that the bill prays

that the ordinance vacating the street be declared void, but the prayer was not granted, and the decree simply went against the H. K. Porter Company, restraining it from closing or obstructing the street. The right of the court ·below, under the facts of the case, to enter the decree against the H. K. Porter Company is the only question for determination here.

If there is anything settled by judicial decision in this State, it is that a sale of lots according to a plan which shows them to be on a street implies a grant, or covenant to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of it to public use; and that the owner of any lot in the general plan may assert the public character of any street and the right of the public to use it. The rights in dedicated streets acquired by a purchaser of lots by a deed referring to a plat are private contract rights, and are not affected by the failure of the municipality to act upon the dedication: 3 Dill. on Mun. Corp. (5th Ed.) Sec. 1083. The owner of real estate so long as he infringes no law may do with it as he pleases; he has the right to dispose of it in any ·legal way which he may choose; he may sell it as a whole, or in parts; he may lay it out in lots intersected by streets and alleys, and sell the lots with or without a grant to the purchasers and the public of an easement over the streets and alleys. If he lay the property out in lots, according to a plan disclosing such streets and alleys, and sells a lot, the law implies a grant or covenant on his part that all the streets and alleys on the plan shall remain open for the use of the public. The price paid for a lot is enhanced by the value of the easement in the streets and alleys appurtenant to the lot. The consideration is not only for the lot but for the easement as well. The proprietor of the plan therefore cannot revoke the implied easement or dedication; nor can the owner of any lot or lots, having purchased with a knowledge of the plan in accordance with which the

lots were sold, obstruct or deny to the public the right to use any of the streets or alleys shown on the plan. The easement over the streets is appurtenant to every lot and becomes a property interest in the purchaser of the lot which may be protected by appropriate legal process.

In the case in hand, the right of the plaintiff, the owner of one of the lots in the Bayard plan, to restrain the H. K. Porter Company from building on or otherwise obstructing the twenty foot street in the plan is clear. Her predecessor in title purchased the lot, "being the same lot marked in the plan of lots laid out by George A. Bayard, No. 32." As between parties claiming under Bayard and having notice of the plan of lots, it is immaterial whether the plan was signed, acknowledged, or recorded: Transue v. Sell, 105 Pa. 604. Such parties are charged with notice of all the plan contains, including the streets and alleys, their location and width. The sale of a lot by Bayard to Lee in 1839 according to the plan, in the absence of anything disclosing a different intention, was an irrevocable dedication of all the streets and alleys in the plan to pubic use: 13 Cyclopedia of Law and Procedure 455, Pittsburgh v. Epping-Carpenter Company, 194 Pa. 318, 328, and any subsequent purchaser of a lot in the plan can assert the public character of the streets. The plaintiff's predecessor in title purchased from Bayard in 1840 and hence became the owner of an easement over the streets which was appurtenant to her lot of which she could not be deprived by a subsequent purchaser affected with knowledge of the plan. The H. K. Porter Company is the owner of two lots in the plan and the pleadings disclose that the company and its predecessors in title had notice that the lots were sold according to the Bayard plan. The plaintiff and the defendant both claim through Bayard and are affected with what appears in the chain of their title. The plan of lots is directly in the chain of title of each of the

parties, and on the face of the plan is a declaration that the lots were laid out by Bayard on October 1, 1836. The defendant company is therefore estopped from denying to the plaintiff any rights which she acquired through her predecessor in title who purchased one of the lots in this plan.

There is no evidence that Allegheny street was a public thoroughfare or dedicated to public use prior to the dedication by Bayard. It was a public highway in the sense that it was dedicated by Bayard and was used by the public, notwithstanding it was not accepted by the municipality. The reference to it therefore in the deeds as a public highway was proper, and is no evidence that it was such prior to the dedication by Bayard. The plan of lots having disclosed the dedication of the streets and alleys in 1836, the burden was upon the defendant to show that the street known as Allegheny street had existed prior to the Bayard dedication. This did not appear by the pleadings or the evidence. In fact there was not a particle of evidence tending to show any such prior dedication. It is immaterial that the street was not laid out forty feet in width by Bayard, and that the other half of the street was dedicated by another to public use. The plaintiff and other purchasers of lots in the Bayard plan had the right to insist that the twenty feet of the street, shown on the plan, should be kept open for public use.

The act of June 16, 1836, P. L. 749, providing that streets, lanes and alleys within the City of Pittsburgh, laid out by private persons, shall be deemed public highways, has no application to this case. When the lots were laid out, the plan was made, and the plaintiff's lot was sold to her predecessor in title by Bayard, the real estate was in Peebles Township, Allegheny County, and not within the territorial limits of Pittsburgh. Subsequently it became a part of Lawrenceville which later became a part of the city of Pittsburgh. Therefore at the time these lots were laid out

and the plan was made Peebles township was not a part of the city, and the streets and alleys of the plan did not, by virtue of the act of 1836, become public highways. Under these circumstances, a city ordinance depriving a lot owner of his easement over the streets in the plan—a property right secured by contract—without compensation would offend both the federal and state constitution, and be void.

The decree is affirmed.