## Harrison Condemnation Proceedings.

*School law—Condemnation of land for school building—Streets and lots— Dedication of lots with streets and alleys—Parties.*

1. Where a land owner lays out a tract of land into town lots, streets and alleys, records a plan of the same and sells lots therefrom, there is a dedication of the streets and alleys to the public and to the purchasers and owners of the lots, and thereafter the land covered by the streets and alleys cannot be condemned for public purposes, such as the erection thereon of a school-house.

2. In such case, it is immaterial that the owner, by and through a tenant, may have put into crops certain of the unsold lots and streets and alleys adjoining.

3. It is also immaterial that there was no municipal action upon the dedication.

4. Where a condemnation proceeding involves not only lots in a plan of lots laid out by an original owner, but also streets and alleys shown on the plan, every individual lot owner within the bounds of the plan should be made a party to the proceedings.

Rule to show cause why viewers should not be appointed. C. P. Union Co., Jan. T., 1924, No. 65.

*Harry M. Showalter,* for rule and petitioners.

*Andrew A. Leiser,* contra, and for respondent.

POTTER, P. J., Aug. 9, 1924.—Jane C. Harrison, the respondent, is and has been for many years the owner of a tract of land which formerly was situate in East Buffalo Township, immediately west of the western boundary of the Borough of Lewisburg, and which same tract, by legal proceedings duly had, was, on May 26, 1925, annexed to the said Borough of Lewisburg, a part of which it has been since that date.

In the year 1902 this land was, by and through the owner, laid out into town lots, streets and alleys, a plot of which was made at that time by Prof. A. B. Stewart, showing the respective lots by numbers as well as the respective streets and alleys. At various times from that year on up to the present time, lots were sold from this plot which was and is known as "Harrison's Addition to Lewisburg," in the deeds for which reference was made to the lot numbers as found in this said plot, and the boundaries were mentioned by streets and alleys, in some instances giving the names of them. This plot was duly recorded in the Recorder's Office of Union County on Sept. 15, 1923, in Deed Book ZZ, at page 343. Upwards of twenty-two lots were sold from this plan prior to Dec. 14, 1923.

For some months before this last-mentioned date the School Board of Lewisburg were desirous of erecting a new high school building, and finally selected a part of the said "Harrison's Addition to Lewisburg" as a suitable location for the new building. At a meeting of the said school board held on June 11, 1923, by an unanimous vote of the said school board, lots numbered

24, 25, 26, 27, 29, 30, 138, 139, 140, 141, 142, 143, 144, 145, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 190, 191, 192, 193, 194, 195, 196, 197, with the streets and alleys belonging and appurtenant, were selected and negotiations began whereby this mentioned land could be procured for the said purpose. Correspondence and interviews were had between the said school board and Mrs. Harrison, but no definite result was reached. On Dec. 14, 1923, a petition was presented to this court, asking for the appointment of viewers to fix the value of the land above mentioned, with the streets and alleys thereunto appurtenant, above mentioned also, when it was agreed by the solicitor of the school board, Harry M. Showalter, Esq., and counsel for Mrs. Harrison, Andrew A. Leiser, Esq., that a rule should issue on Mrs. Harrison to show cause why viewers should not be appointed, and it is this rule we have before us for disposition.

The chief question, as we view it, is whether or not there has been a dedication of the streets, lanes and alleys in this tract by Mrs. Harrison to public use. If there has been, then no viewers can be appointed; if there has not been, then viewers can be appointed and the said school board can take the land by condemnation proceedings.

The petitioners must comply strictly with the various enactments before they can condemn land even for public purposes. It is a drastic proceeding whereby lands can be appropriated without the consent of the owner for any purpose, and the petitioners are held to a strict compliance with the law in this respect.

In 1902 Mrs. Harrison made a plot or draft of these lands, marking and setting out the lots and the streets and alleys. We are of the firm opinion that by so doing, and by selling off certain lots according to this plan, coupled with her other acts incident thereto, she thereby dedicated the said streets, lanes and alleys to public use, which she could not thereafter recall. Every lot owner had a right to the use of these streets, lanes and alleys which he could enforce by legal proceedings. Mrs. Harrison, while owning the lots, had parted with her title to the streets, lanes and alleys beyond her recall. The lot owners and the public had the right of using them without asking any questions of her, and especially had the lot owners that right. It is true that, after her dedication, she had no title to the streets, lanes and alleys, and she had no right to them whatever, and if she or her tenant farmed them thereafter and put them out in crops, she had no legal authority so to do, and any lot owner in this plot might have stopped her from so doing.

The founder of a new town plot rarely opens the streets therein till a sale of lots has taken place. The ground to all appearance retains its original character as land, meadow or orchard, as in this case. And when the owner of ground lays it off into town lots, with streets and alleys for their convenient use, and sells lots accordingly, it is a dedication: McCall v. Davis, 56 Pa. 431; Davis v. Sabita, 63 Pa. 90.

It has been set up that Mrs. Harrison, by and through her tenant, put out in wheat and other crops the lots and streets and lanes and alleys of a part of "Harrison's Addition to Lewisburg." We can only say, as we have hereinbefore said, that if she did so, she had no legal right to, and it could have been restrained by any lot owner within the tract or plan of lots: O'Donnell v. Pittsburgh, 234 Pa. 401.

And dedication does not depend upon municipal action: Bell v. Pittsburgh, 243 Pa. 83. And there may be a dedication even though the streets, lanes and alleys are not opened: Ferguson's Appeal, 117 Pa. 426. After a dedication of streets, lanes and alleys is once made to the public, and lots are sold from

the plot, the dedication cannot be recalled by the dedicator. Even if this plot had not been recorded, but was referred to in the deeds, it was notice of the existence of streets, lanes and alleys: McKee v. Perchment, 69 Pa. 342.

The plan in this case showing the streets, lanes and alleys is an implied dedication of them to public use: Chambersburg Manuf. Co. v. Cumberland Valley R. R. Co., 240 Pa. 519. And the exhibition of a plan is evidence of the existence and location of streets and alleys, and when the deed refers to the plan, it has the same effect as if copied in the deed and works a dedication: McCall v. Davis, 56 Pa. 431.

Where one sells and conveys lots according to a plan which shows them to be on a street or alley, this works a dedication (Transue v. Sell, 105 Pa. 604), and in this case the description of the lot was "to an alley," like some of the deeds in the case at bar.

In the case of Quicksall et al. v. Philadelphia, 177 Pa. 301, we have the *dictum* laid down that the sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of the street to public use. The right passing to the purchaser is not the mere right that he may use the street, but that all persons may use it. This legal principle is confirmed in the case of Osterheldt v. Philadelphia, 195 Pa. 355.

The matter of dedication is one of intention. This maxim of the law is so familiar that we deem it not necessary to cite authorities to sustain it. And when Mrs. Harrison laid out this tract of land into lots, streets, lanes and alleys, she thereby dedicated the same streets, lanes and alleys to the use of persons buying lots as well as to the public in general. True it is that before any lot was sold she could have withdrawn her dedication, but the moment the first lot was sold from this plan, the owner thereof became vested irrevocably in the right to use all the streets, lanes and alleys as shown on the plan of lots with the public, and Mrs. Harrison then and there parted with any right she may have had prior to the sale of the first lot to recall her dedication, and she dedicated all the streets, lanes and alleys as shown on her plan of lots to the public. She could not dedicate only the streets and alleys bordering on the lots sold, but she must dedicate all, as shown on the plan of lots, unless a reservation of some of them was made in each deed of lots sold. She could not say, this part of the plan I have dedicated and this part I have not, unless reserved in deed, but the dedication was to the whole of the plan, and afterwards, when she sold the first lot from this plan, unless reserved in the deed, she parted irrevocably with all dominion over all the streets, lanes and alleys, as shown on the plan, for all time to come.

This being true, then she has no dominion whatever over them, and had none when the petition for viewers was filed. The public had the right to them. Then, how can we appoint viewers to assess the value of land dedicated to and owned by the public? The fact that the municipality may have failed to adopt her plan of lots cannot in any view affect her prior dedication nor her right to do so if she so desired. Dedication being a matter of intent on the part of the dedicator, she could of her own volition dedicate these streets, lanes and alleys to public use without the consent or the assent of any individual or municipality. It was her own independent individual action, dependent on no influence, permission or acceptance of any one. And her plot need not have been filed: O'Donnell v. H. K. Porter Co., 238 Pa. 495; 18 Corpus Juris, page 61, § 45.

When the Borough of Lewisburg annexed "Harrison's Addition to Lewisburg," the municipality took the annexed territory as a part of Lewisburg as

it existed when the annexation took place, with its lots, streets, lanes and alleys, as laid out in the plan thereof.

Then, again, we think every lot owner within the bounds of "Harrison's Addition to Lewisburg" should be made a party to these proceedings, for the reason that each one, whether within the lands sought to be condemned or not, has an interest and a right to all the streets, lanes and alleys as marked upon the plan or plot when he purchased his lot. He is a party in interest, and, by the condemnation of these lands, streets and alleys, his rights to them would be invaded without his being given a chance to be heard, and to that end, as a property owner, he would be clearly entitled to notice of the proceedings, so that he might be given an opportunity to protect his rights.

We also think that when a question of so grave a nature as exists in the case at bar is presented, the better practice is for each party to be heard on a rule, as we have done in this case, thus avoiding much subsequent litigation.

Several minor questions have been raised in the argument, which, in our disposition of this case, we need not burden the records with by way of discussion.

We deem it sufficient to say that, in the light of the authorities herein cited, as well as many not herein cited, we are compelled to regard the action of Mrs. Harrison in this behalf as a dedication; wherefore, the rule must be discharged.

We favor education in all its varied branches, and we want the boys and girls of to-day to have more modern school facilities than we had in the way of better buildings, better teaching and a general betterment of everything pertaining to education. We would be pleased to assist this school board to further the education of the boys and girls and the young men and women, and we would be more than pleased to assist them in the matter at bar, but we are prone to remember that we have a judicial duty to perform, which must be performed in the light of our understanding of the law, and this we regard as an imperative duty cast upon our judiciary by the laws of our land, from the fulfillment of which no judge dare shrink, be it pleasant or unpleasant.

And now, to wit, Aug. 9, 1924, for the reasons herein given, the rule is discharged and the petition for the appointment of viewers is refused.

From Charles P. Ulrich, Selinsgrove, Pa.