Barnes et ux. *v.* Walters et al., Appellants.

Argued October 1, 1931.

Before TREX-LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*John F. Burgess,* for appellants.

*Geo. P. Williams, Jr.,* of *Orr, Hall & Williams,* for appellee.

OPINION BY LINN, J., November 20, 1931:

This appeal is from a mandatory injunction requiring the removal by defendants of obstructions which are part of a gate constructed by them at one end of an alley which plaintiffs were entitled to use. The alley, 3 feet wide, is between defendants' premises, 1314 and 1312 North Carlisle Street, and extends westward until it meets plaintiffs' premises which front on 15th Street and extend rearward toward Carlisle Street until they meet the premises of defendants. The court found that there was permanent substantial obstruction to the use of the alley; that, on the northern side of it, an appliance for latching the gate extended into the alley 3 inches, and that, on the southern side, there was likewise a permanent obstruction extending some "two or three inches into the alley." There was evidence that these obstructions constituted actual interference with the enjoyment of the alley as theretofore used by plaintiffs in moving property into or from the rear of their house through the alley. Defendants constructed the gate after notice by the plaintiffs not to do so.

It would seem that plaintiffs object to the permanent diminution of the width of the alley by almost one-

sixth of its width, and that their objection does not seem to be to the mere presence of a gate; it may perhaps be assumed, that if defendants had chosen to countersink the gate and its fastenings, thus leaving the full width of the alley for passage, there could have been no reasonable cause to complain so long as plaintiffs could use the alley at will.

At the outset we are met by the appellees' challenge of all appellants' assignments of error except the last one, which is to the final decree. We pass the objection to the form of the first assignment complaining of the refusal of an offer of proof, and dismiss it on the ground that, if the purpose of constructing the gate had been proved as proposed, that proof would not have changed the result, as the illegal permanent obstruction would have remained. All the other assignments, except that to the final decree, violate equity rule 72, which provides "that upon appeal to the Supreme or Superior Court such matters only as have been so excepted to, and finally passed upon by the court, shall be assignable for error except [what is not now pertinent]." In addition, the assignments as printed, violate our rule 34; but as the record is short, we shall nevertheless consider them in two classes; 1, those complaining that the court found there was substantial obstruction; and 2, those suggesting that plaintiffs have shown no right to use the alley.

As to the obstruction, Dr. Barnes, plaintiff, testified that he was a practicing physician at 1315 North 15th Street, and that this alley was used by him and others on his affairs for ingress and egress to Carlisle Street, and that the obstructions interfered with bringing into his house "certain objects like a desk; certain pieces of my office furniture like my operating table and desk and things of that sort," which could not be brought into the front of his house; he also stated that he had a tenant—an eye specialist—who had things

to move in and out through the alley. There is no evidence contradicting this. The specific findings of fact that there were obstructions of some 2 or 3 inches extending from the southern wall, and 3 inches from the northern wall, are not the subject of any assignment of error, except as inferentially included in the assignment that the court refused to find "that the gate as constructed was not a substantial obstruction in the said alley" as requested by defendants. As we have said, there is evidence that supports the finding of the projection into the alley from each side, and of interference with plaintiffs' use of the alley. We must give effect to the finding: Atlas Portland Cement Company v. American Brick Company, 280 Pa. 449, 452; Mulville v. Cooper, 93 Pa. Superior Ct. 139.

2. The second class of objections complains that plaintiffs did not make out their right to use the alley. Deeds, apparently showing it, were offered in evidence, but, we need not stop to analyze them, because the bill charged that the plaintiffs became owners of the property in 1914, and in 1924 through conveyance by them, became the beneficial owners, and that defendants became owners of the servient tenements in 1928 "with the free and common use of said 3 feet wide alley ...... in common with the owner and tenants and occupiers of the lot of ground fronting on 15th Street ......" [plaintiffs' land]. The answer specifically admitted those allegations and the corresponding paragraphs of the bill and answer were read into the record without objection. What has been said sufficiently disposes of the assignment of error to the final decree, for given the right to use the alley (one of the deeds in evidence dated April, 1860, recites the alley as laid out) and, having findings of fact of actual obstruction to the use by the dominant owners, the decree inevitably follows on the record as presented.

Decree affirmed at the cost of appellants.