Lang et al. *v.* Smith, Appellant.

Argued April 17, 1934.

Before TREXLER, P. J., KELLER, STADTFELD, PARKER and JAMES, JJ.

*J. H. Cochran,* and with him *W. H. Martin,* for appellant.

*Lee C. McCandless* of *Marshall and McCandless,* for appellee.

OPINION BY PARKER, J., July 13, 1934:

Plaintiffs seek by a bill in equity to restrain defendant from obstructing and occupying for private purposes any part of certain public streets, the use of which he averred he was entitled to as ways appurtenant to lots owned by him. After answer filed, the case was heard and the lower court filed findings of fact and law and granted the relief prayed for. A decree nisi was first entered and notice was given to the parties as provided by Equity Rule 68, but an appeal was taken before the final decree was entered. The parties have, however, agreed at bar that the sole question raised shall be considered as if the final decree had been entered before the appeal was taken.

No exceptions to the findings of fact and law were taken by the appellant, the sole exception being to the

final decree. Although under Equity Rule 72 a final decree is assignable for error whether excepted to or not, yet under other rules matters required to be excepted to and as to which no exceptions were filed in the court below cannot be reviewed on the theory that the final decree covers all matters in controversy: Schwartz v. Wesoky, 281 Pa. 388, 391, 126 A. 759; Barnes v. Walters, 103 Pa. Superior Ct. 443, 157 A. 49. "Should the final decree only be assigned, the correctness of findings . . . . . . is admitted. With these admissions, [the sole question] that will then be presented is, Do the findings support the decree?": Atlas Portland C. Co. v. Am. B. & C. Co., 280 Pa. 449, 452, 124 A. 650; Schwartz v. Wesoky, supra.

We are all of the opinion that the single question raised must be answered in favor of the appellees. The plaintiffs were the owners of land in an unincorporated village known as Great Belt City. In the early 70's when explorations for oil began in Butler County and there was much activity in real estate on that account, the owner of a tract of land laid it out in lots with streets and alleys and caused a plan of the improvement, described as Great Belt City, to be recorded in the office for recording deeds for that county. The title of plaintiffs was acquired by deeds which described the land by block and lot number according to "the plan of lots recorded in Deed Book 41, page 1," and known as Great Belt City. The deeds likewise gave the streets and alleys by name as described on the recorded plan as boundaries. The defendant also took title to certain lots on the same plan and in the same vicinity, likewise described by reference to the recorded plan to which we have referred. The defendant having obstructed certain of the streets which had been used by plaintiffs as a means of access to their lots, the plaintiffs filed a bill asking that the obstruction be removed and that the defendants be

restrained from erecting any barriers or obstructions on such street and from polluting a stream passing plaintiffs' property.

"If there is anything settled by judicial decision in this State, it is that a sale of lots according to a plan which shows them to be on a street implies a grant, or covenant to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of it to public use; and that the owner of any lot in the general plan may assert the public character of any street and the right of the public to use it. The rights in dedicated streets acquired by a purchaser of lots by a deed referring to a plat are private contract rights, and are not affected by the failure of the municipality to act upon the dedication": O'Donnell v. Pittsburgh, 234 Pa. 401, 410, 83 A. 314. In answer, the appellant relies upon the Act of May 9, 1889, P. L. 173 (36 PS 1961), which provides: "Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been, or shall be, laid out." While there was no evidence that the township or other municipality ever took over this street, it does not appear that any claim was made by the defendant to the premises by virtue of a title by adverse possession. The findings, supported by the evidence, established the fact that the plaintiffs' lots were purchased according to a plan with streets and alleys; that the streets in question were referred to as boundaries and were used as a means of access to their property by the plaintiffs; and that the defendant had interfered with the passage. There was

established by these proofs a right in the plaintiffs created by contract which could not be taken away from them without compensation.

"That a man's right of access to his property is a valuable right which cannot be taken away without just compensation has been repeatedly recognized. In Chambersburg Shoe Mfg. Co. v. Cumberland Valley R. R. Co., 240 Pa. 519, 524, 87 A. 968, it was held: 'The easement in the street is appurtenant to the land of the lot owner and is therefore a private right in him . . . . . . The easement over the streets is appurtenant to every lot and . . . . . . may be protected by appropriate legal process': O'Donnell v. Pittsburgh, 234 Pa. 401 . . . . . . . Such a right is sometimes called an 'easement of access' which means the right of ingress and egress to and from the premises of the lot owners. It is a property right appurtenant to the land which cannot be impaired or taken away without compensation": McGarrity v. Commonwealth, 311 Pa. 436, 450, 166 A. 895. Also, see Walsh v. Scranton, 23 Pa. Superior Ct. 276; Barnes v. Phila. N. & N. Y. R. Co., 27 Pa. Superior Ct. 84. In Stivason v. Serene, 80 Pa. Superior Ct. 1, 8, we said: "We have been referred to no case and have discovered none which holds that the Act of 1889 has the effect of depriving the owner of a lot purchased according to a plan on which streets are plotted by a private owner of his easement of access. Nor could such a property right appurtenant to the land be impaired or taken away without compensation: Chambersburg S. Mfg. Co. v. R. R. Co., 240 Pa. 519. Such a right is entirely distinct from the public right of passage over dedicated streets. This right, founded in the contract of the parties, is not within the power of the original grantor, nor his subsequent grantees to abridge: Carroll v. Asbury, 28 Pa. Superior Ct. 354. Nor can such lot owner by act

of assembly be deprived of his easement of access without. compensation.''

We are unable to discover any merit in the contention that relief was granted which was not prayed for in the bill. The facts pleaded and the rights asserted clearly support the decree.

Decree affirmed at the cost of appellants.