# Transue *versus* Sell.

1. On the sale of a lot bounded by a street the title passes to the centre of the street, if the grantor had title to the land covered thereby, unless he reserved it either expressly or by clear implication.

2. When one who is the owner of land sells and conveys lots according to a plan which shows them to be on a street or alley, this creates an implied covenant of the existence of the street or alley, and operates as a dedication to public use. The fact that it does not appear on the borough maps or plans is immaterial as between parties claiming under the original owner and affected with knowledge of his plan.

3. In the absence of the original draft or plan employed by the grantor, its place may be supplied by another map of the lots, proved to have been used by the grantor in selling lots, or by other evidence from which the jury are to determine the location of the disputed street or alley.

4. Mere different and disconnected acts of trespass extending over parts of several years are clearly insufficient to establish any right to obstruct an alley under the Statute of Limitations or to bar the public character which has been stamped on the land by its dedication to public use as an alley.

March 11, 1884.　Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Northampton county :* Of January Term, 1884, No. 268.

This was an action on the case by William Sell against Reuben Transue to recover nominal damages for the obstruction by the defendant of an alley which the plaintiff claimed was appurtenant to his lots in South Bethlehem.　Plea, not guilty.

On the trial, before SCHUYLER, J., the plaintiff proved title to a tract of land, including the locus in quo, in Augustus Wolle, and deduced title in himself to three lots numbered 5, 7 and 9, situate on the west side of Northampton avenue, north of Second street, now in the borough of South Bethlehem, by the following deeds :

1858, August 11.　Augustus Wolle and wife to James Henry, for, inter alia, a lot of ground, " numbered nine, Northampton avenue, according to the plan of lots of Augustus Wolle, merchant (in the southern addition of the Borough of Bethlehem, in Saucon Township, Northampton Co., State of Pennsylvania, 1858), containing in front on said Northampton avenue each forty feet, and extending of the same width one hundred and fourteen feet *to a sixteen feet wide alley.*"

1874, March 24.　James Henry to William H. Sell, for the said lot No. 9, described as in the last deed, extending in depth " *to a sixteen foot wide alley.*"

1874, July 1.　Augustus Wolle and wife to Tinsley Jeter, for two lots of ground [Nos. 5 and 7,] " Beginning at a point in the eastern line of Northampton street, at the distance of two hundred and twelve feet from the northern line of Second street; thence extending northward along Northampton street eighty feet; thence running back of that width between parallel lines at right angles to Northampton street, one hundred and fourteen feet *to an alley sixteen feet wide.*"

1877, April 27.　Tinsley Jeter to William H. Sell, for the said two lots [5 and 7] described as follows : " All those certain two contiguous lots or pieces of ground, situate on Northampton avenue in the Borough of South Bethlehem and County of Northampton aforesaid, beginning at a point on the east

[Transue *v.* Sell.]

side of Northampton avenue at a corner of a lot of the said William H. Sell, thence extending along the east side of said Northampton avenue northward eighty feet to a point; thence extending eastwardly of that width between parallel lines at right angles to said Northampton avenue one hundred and fourteen (114) feet *to an alley.*"

The plaintiff called Clarence A. Wolle, a son of Augustus Wolle, deceased, who produced and identified a certain plan of lots, including the plaintiff's lots, as a plan which belonged to and was in the possession of Augustus Wolle, in his lifetime, and was used by him in selling lots; the plaintiff offered said plan in evidence.

Counsel for defendant. "We have no objection, but we do not admit its sufficiency."

The Court. Let the map be received as evidence.

Later in the trial, the plaintiff's counsel admitted that said plan "is not the map referred to in the deed from Augustus Wolle to James Henry." Thereupon defendant's counsel moved that "the map and all evidence thereto, be ruled out of the case." Refused.

The plaintiff also put in evidence certain deeds deducing title to the defendant for, inter alia, a certain lot of ground containing in front on Second street twenty feet, and in depth one hundred and fifty feet to Henry Sellers's lot, "*bounded on the east by a sixteen feet wide alley.*"

The following is the material part of said plan:

Plaintiff testified that the alley had been partially obstructed by defendant for a long time prior to suit brought, though not so as wholly to deprive plaintiff of its use as a passage way

for carts, etc., but that in February, 1880, the defendant wholly
obstructed the same, and notified him that he would be there-
after excluded therefrom.   Plaintiff then brought this action
to determine his right to the alley.

The defendant did not deny that he had obstructed the site
claimed by plaintiff to be the alley, but he disputed that it
was an alley, or that plaintiff had any title to pass over the
same.   The defendant further claimed title in himself to the
soil of the alleged alley, under a deed from one Luckenbach
(an owner of the entire tract prior to Augustus Wolle's title),
dated March 5, 1880 (not recorded), conveying to him a cer-
tain lot of ground, "together with a certain sixteen feet wide
alley, running from the Lehigh Valley Railroad along a lot of
land originally granted by said Luckenbach to Levin Peisert,
but now owned by said Reuben Transue, southwardly to Sec-
ond street."

The defendant offered to show that the disputed alley had
never appeared upon the borough maps and books of South
Bethlehem.   Objected to; objection sustained; exception.

A considerable portion of defendant's evidence was devoted
to showing that plaintiff had abandoned his rights in regard
to the alley, if any he had, by acquiescence in its use by defen-
dant; the court charged: "But I say to you that the evidence
on that part of the case is insufficient for that purpose, and
that you have nothing to do with the question as to whether
or not the plaintiff abandoned his right to this alley, if he ever
had any right to it."   Exception.

Other portions of defendant's evidence were for the purpose
of showing adverse possession for twenty-one years; the court
charged: "Upon that point also my opinion of the law is
against the defendant, and I say to you that, in deliberating
upon your verdict, you have no right to inquire upon that
subject.   Your duty will be limited to the simple inquiry
whether or not the alley which the plaintiff alleges he is enti-
tled to is the alley which it seems to be admitted here was
the place obstructed by the defendant.   If you find that these
obstructions were erected by the defendant, and there seems
to be no dispute on that point, upon this alley, and if you
find from the evidence that this alley belonged to the plaintiff
in such a way as entitled him to pass and repass over it, and
he was prevented from passing and repassing over it by reason
of the obstructions, then, I say to you, it will be your duty to
render a verdict in favor of the plaintiff for what are called
nominal damages—six cents damages."

The defendant presented, inter alia, the following point:

1. "The easement of which the plaintiff says he was de-
prived is not an easement by grant, but by implication arising

out of a boundary in his deed and a dedication to public use, evidenced by the map referred to in plaintiff's deed, and an easement of which neither plaintiff nor his predecessors in title have ever been in possession. In other words, if it exists at all it was never opened; was used in common with other lands of the defendant, and is a mere paper alley." Answer— Not affirmed.

The court charged the jury, inter alia: "Now I say to you that under these two deeds, the plaintiff is entitled to an alley on the eastern boundary of his lots. Whether it is a public or private alley is a matter of no concern. He is entitled by virtue of the covenants in these deeds to an alley on the eastern end of his lots. The question for you to determine is whether this alley to the use of which he is entitled under these deeds is the alley which the defendant has obstructed, if you find such to be the fact then your verdict will be in favor of the plaintiff for six cents damages, and that will end the suit. In determining the question whether the alley referred to in these two deeds is the alley upon which these obstructions exist, you will take into consideration the deeds themselves, as well as the other deeds that have been offered in evidence, together with this draft or plot that you see here rolled upon the table, if that will throw any light on the subject, as it may, provided you find that it is a genuine plot of the property in dispute. . . . . . You will have the draft before you, and if satisfied of its correctness you will take that draft in connection with these deeds, and locate this alley if you can, and if you locate it so as to bring these obstructions upon it, then, as I have already said, your verdict will be in favor of the plaintiff. . . . . . That is all you have to pass upon; you will leave out everything else in your consideration of the case and confine your deliberations simply to the inquiry I have indicated."

Verdict for plaintiff for six cents damages, and judgment thereon. Defendant thereupon took this writ, assigning for error the refusing of his offers of evidence and of his point, the refusal to exclude said map, and the portions of the charge above quoted.

*W. E. Doster* (*L. R. Myers* with him), for plaintiff in error. —A map or plan referred to in a deed becomes a material and essential part of the conveyance, and has the same effect as though incorporated in it. It was error to allow plaintiff to go on with his case without producing the original, or accounting for its absence; still more to allow him to put in evidence one which he admitted to be different: Birmingham *v.* Anderson, 12 Wright, 253; Noonan *v.* Lee, 2 Black, 504; Glover *v.* Shields, 32 Barb., 379; Parker *v.* Kane, 22 How., 18; Thomas

*v.* Patten, 1 Shepley, 333 ; Conway *v.* Taylor, 1 Black, 603 ; Commonwealth *v.* McDonald, 16 S. & R., 391; Davis *v.* Ranisford, 17 Mass., 211; Wolfe *v.* Scarborough, 2 Ohio St., 361; Kennebec Purchase *v.* Tiffany, 1 Greenl., 219; Robinson *v.* Myers, 17 P. F. S., 17.   We should have been allowed to show by the borough maps that this alley, which plaintiff in his declaration claimed to own "in common with all the owners of other lots abutting on said alley," had never been recognized or known publicly as having any existence : Spackman *v.* Steidel, 7 Norris, 453.

*Robert L. Cope,* for defendant in error.—The map sent to the jury was proved to be the one which Wolle used to sell lots from.   It was never claimed to be the one called for in the deed, and was merely submitted as any other draft of the locality would have been.   Only one of the deeds to plaintiff's three lots contained any reference to a plan.   A right of way is implied in a grant of land described as bounded on an alley or street.   This right cannot be lost by disuse or non-user: Spackman *v.* Steidel, 7 Norris, 453 ; Crow *v.* Wolbert, 7 Phila., 178 ; Van Meter *v.* Hankinson, 6 Wharton, 307 ; Cope *v.* Grant, 7 Barr, 491; Erb *v.* Brown, 19 P. F. S., 216; Waite on Actions and Defences, vol. 6, p. 348.   The rights of the parties as between themselves could not be affected by the borough maps.

Chief Justice MERCUR delivered the opinion of the court, March 24, 1884.

It is well settled law that on the sale of a lot bounded by a street, the title passes to the centre of the street, if the grantor had title to the land covered thereby, unless he reserved it either expressly or by clear implication.   Paul *v.* Carver, 2 Casey, 223 ; Cox *v.* Freedley, 9 Casey, 124 ; Trutt *v.* Spotts, 6 Norris, 339 ; Spackman *v.* Steidel, 7 Norris, 453.

When one, who is the proprietor of the portion of the town in which the lands lie, sells and conveys the lots according to a plan which shows them to be on a street or alley, it creates an implied covenant of the existence of the street or alley. Trutt *v.* Spotts, supra.

When Wolle laid out the plan of lots on the alley now in contention, he was the undoubted owner of the land covered thereby.   When he sold and conveyed the lots according to the plan and bounded them on the alley, he not only conveyed the use of the alley as appurtenant to the lots bounded thereon, but he thereby dedicated it to public use.

In this case the evidence is clear that the grantor made a plan, and by it sold lots.   The omission to produce the draft on the trial under the other evidence was not error.  The

jury has found the true location of the alley to be as claimed by the defendant in error. It was actually opened and used for several years as a public alley. The fact that it was not entered on the books or maps of the borough of South Bethlehem, was unimportant to the rights of the parties in this action.

. The defendant in error showed title derived from Wolle, and was entitled to all the rights, privileges and appurtenances flowing from his deed of conveyance. Thus holding, the defendant in error had a right to the free and uninterrupted use of the alley. The plaintiff in error had acquired no right from any person by grant or conveyance to obstruct the alley, but sought to protect himself from liability by proving different and disconnected acts of trespass extending over parts of several years. All the evidence was clearly insufficient to establish any right to obstruct the alley under the statute of limitations, or to bar the public character which had been stamped thereon by the former owner of the land. The assignments are not sustained.

Judgment affirmed.