# Dobson, Appellant, v. Hohenadel.

### [Marked to be reported.]

*Streets—Dedication of by description and plan.*

When a proprietor of land lays it out in lots, which he afterwards conveys according to a plan which shows that the lots are upon a street, the conveyance of the lots bounded on the street is a dedication of the land covered by the plotted street to the use of the lot owners as a means of access to their lots.

*Title of grantor and grantee—Easements—Subsequent vacation of street.*

In such a case the grantor can retain no title to such street against the lot owners, unless it is by virtue of an express reservation in his deed.

Grantor conveyed certain lots referring to a plan, which plan showed that the lots were on one side bounded by a street 120 feet in width, in the centre of which was located the line of a railroad. The city plan at this time corresponded to the plan referred to by the grantor, and showed this street with a width of 120 feet, in the centre of which was the line or right of way of the railroad, having a breadth of 66 feet, or 33 feet on each side of the centre line of the track. On each side of the right of way was a strip 27 feet wide. Two years later the city, by a revision of its plan, abandoned this street alongside the railroad. The grantee advanced his buildings and fences so as to inclose the strip from which the city receded. The grantor then brought this action, alleging title to the strip thus surrendered by the city.

*Held*, (1) That the deed conveyed to the grantee title to the centre of the street, along the entire street front of the lots conveyed, and that there was no title left in the grantor to the land within the lines of the street on which the lots were laid out, and that grantor would be estopped by his own deed from denying the existence of the street, or interfering with its use by grantee.

(2) That the title of the grantee was subject to certain existing rights which he was bound to respect. These were (*a*) the right of the railroad company to 33 feet from the centre of the street for the purposes of its railway; (*b*) the right of the city to the 27 feet between the railroad and the line of lots; (*c*) the right of lot owners on the plan of lots referred to in the deed to the use of the same 27 feet in breadth as a way of access to their lots.

(3) The nature of grantee's title to the strip of land in question is not involved in the case, and whether he has any interest in this strip of land other than as a way or means of access to his own and other lots fronting on the street, as it was shown to exist on the plan of lots referred to in his deed, is not determined.

Argued Jan. 27, 1892. Appeal, No. 98, Jan. T., 1891, by plaintiffs, John Dobson et al., from judgment of C. P. No. 1,

Phila. Co., in favor of defendant, John W. Hohenadel, on case stated.  Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Case stated to determine the title of plaintiffs, grantors, to a piece of land dedicated by them as a street in their deed to defendant, grantee, and afterwards surrendered by the city of Philadelphia.

The facts appear by the opinion of the Supreme Court.

The court below having entered judgment for defendant, plaintiffs appealed, the case stated having reserved a right of appeal to either party.

*Richard P. White, Thomas Earle White* with him, for appellants.—The lots were described in the deed by reference to the plan.  They were also described as bounded on the southwest by the Phila. & Norristown Railroad.  Under these circumstances the conveyance is to be construed according to the plan, and not according to the description in the deed: Schenley v. Pittsburgh, 104 Pa. 472; Birmingham v. Anderson, 48 Pa. 253.

The plan at the date of the deed showed a street 120 feet wide; subsequently the city, recognizing that under its charter the railroad had a right to no more than 66 feet, revised the plan by cutting off 27 feet on each side.  The early plans showed simply a space 120 feet in width without any demarcation of the edges of the railway, and by reason of the failure to mark the edge of the railway on the plans, the lots were described in the deed as bounded by the railroad, though the plans all show the conveyance to have been to a line 27 feet from the actual edge of the railway.

Under these circumstances it has been determined that the conveyance is to be construed according to the plan, and not according to the description in the deed: Schenley v. City of Pittsburgh, 104 Pa. 472; Birmingham v. Anderson, 48 Pa. 253; Com. v. McDonald, 16 S. & R. 390; Robinson v. Myers, 67 Pa. 17; Noonan v. Lee, 2 Black, 504; Glover v. Shield, 32 Barb. 379; Parker v. Kane, 22 How. 18; Thomas v. Patten, 1 Shepley, 333; Conway v. Taylor, 1 Black, 603; Davis v. Rainsford, 17 Mass. 211.

If the boundary as shown upon the plan be the edge of a

public highway, the grantee will take to the centre of such highway: Paul v. Carver, 26 Pa. 223; and if a portion of such highway be thereafter vacated, the grantee will have the right to occupy the same, but this principle does not apply unless the grantee take to such public highway.

The plans show that grantor conveyed, and grantee took to a line parallel with the centre of the railway and 60 feet therefrom. The railway never had, and under its charter could not have, a right to more than 33 feet from its centre line. There was, therefore, a strip 27 feet wide between the railroad and the line to which grantor conveyed, which corresponded precisely to the "beach" in Birmingham v. Anderson, and to the intervening land between the lots and the river front in Schenley v. Pittsburgh. A reference to natural boundaries was erroneous as disclosed by the plans, and here, as there, the plan must prevail over description.

Grantors, having left this space open to be used as a street for nineteen years, and houses having been erected on the faith thereof, would be undoubtedly estopped from obstructing the same at this date, and this suit is brought in the interests of their grantees only in the hope of preserving for them an open street at their house doors.

*John G. Johnson, William T. Aldrich* with him, for appellee. —The plan referred to in the deed to the appellee called not for such a street as the appellants claim, but for a highway then laid down "upon the adopted and improved plan of the city of Philadelphia, of the width of 120 feet," called "Phila. & Norristown Railroad." It was doubtless the intention of the city to lay out a street which should be 120 feet wide, and which should include the roadbed of the Phila. & Norristown Railroad. Be this as it may, a railroad is a highway. Where land is conveyed bounding on a highway, it is settled law of this state that the title passes to the centre of the highway: Paul v. Carver, 26 Pa. 224; Transue v. Sell, 105 Pa. 604; Ferguson's Ap., 117 Pa. 451; Trutt v. Spotts, 87 Pa. 339; *In re* Pearl Street, 111 Pa. 571; Scranton v. Thomas, 141 Pa. 1.

On vacation of a part of this highway by a revision of the city plan, the title to the portion vacated was in grantee free of all public right to its use.

There are no rights involved in the present controversy, saving those of the appellants. We have nothing to do with other persons, whose deeds may or may not put them in a position to assert that their rights are affected.

OPINION BY MR. JUSTICE WILLIAMS, April 11, 1892:

The plaintiffs' deed to Hohenadel was made in July, 1873. It conveyed lots Nos. 51 to 55 inclusive, on "a certain plan of building lots in the 28th ward of the city of Philadelphia, prepared for John and James Dobson in May, 1873, by John H. Levering, surveyor of the 8th district of Philadelphia." The lots were also described by metes and bounds, as one piece of land, and as bounded on the southwest by the Philadelphia & Norristown Railroad. At this time the city plan of streets in the 8th district of Philadelphia showed a plotted street called "The Philadelphia & Norristown Railroad," having a breadth of one hundred and twenty feet. In the centre of this street was the actual line or right of way of the railroad, having a breadth of sixty-six feet, or thirty-three feet on each side of the centre line of the track. On each side of the right of way was a strip twenty-seven feet wide, which was intended by the city as a public street or highway. In laying out the lots for the plaintiffs Mr. Levering recognized and adopted the line of the street as it appeared at the time on the city plan, and many of the lots were made to front upon it. Among these were some of the lots bought by Hohenadel; and at that time the city plan, the plan of lots made by Levering, and the deed to defendant, were in exact accord, showing the line of his lots to be twenty-seven feet beyond the right of way of the railroad company, and sixty feet from the centre of the Philadelphia & Norristown Railroad street, as plotted by the city. We fully agree with the position of the appellee that the deed from the plaintiffs to him was in its legal operation a deed to the centre of the street along the entire street front of the lots conveyed: Paul v. Carver, 26 Pa. 224; Transue v. Sell, 105 Pa. 604. It is no matter that the street had not been opened according to law by the city. When a proprietor of land lays it out in lots which he afterwards conveys according to a plan which shows that the lots are upon a street, the conveyance of the lots bounded on the street is a dedication of the land, covered by

the plotted street, to the use of the lot owners as a means of access to their lots. He can retain no title to such street as against the lot owners unless it is by virtue of an express reservation in his deed. Hohenadel bought lots described as abutting on this street, and as between him and his grantors he took title to the middle of the street. But his title was subject to certain existing rights which he was bound to respect. These were: (*a*) the right of the railroad company to thirty-three feet from the centre of the street for the purpose of its railway; (*b*) the right of the city to the twenty-seven feet between the railroad and line of lots; (*c*) the right of lot owners, on the plan of lots made by Levering, to the use of the same twenty-seven feet in breadth, as a way for access to their lots: Trutt v. Spotts, 87 Pa. 339. In 1875 the city formally approved a revision of its plan of streets in the 8th district, which abandoned the street, and its right in the strip between the railroad and the line of lots. This was not the case of a vacation of a public street laid out according to law, but a surrender of the right of the city to take for a street the site which it had plotted. It extinguished no right except that which the city had acquired by virtue of having plotted or projected a street over this ground. Hohenadel seems to have entertained a different view of the effect of the action of the city, and he advanced his buildings and fences so as to inclose the strip from which the city receded. This action is brought to test, not the right of the lot owners in this strip of land, but the title of the grantors, John and James Dobson. We do not see that they have any title to the land described in the writ or the case stated. We think the defendant took title in terms only to the street line as it was then laid down on the plan of the city, and the plan of lots made by Levering; but the legal effect of this deed was to pass the title of the grantors to the street, subject, as we have seen, to the rights of other lot holders, the city, and the railroad. There was no title left in the grantors to the land within the lines of the street on which these lots were laid. They would be estopped by their own deeds from denying the existence of this street, or interfering with its use by their grantors. The case stated does not present to us the character of the defendant's title for our opinion, and we say nothing on that subject that the construction of

the deed under which he holds does not require us to say.   The reason why the plaintiffs cannot recover grows out of the effect of their conveyance of lots upon a street plotted by them, and convenient, if not indispensable, as a means of access to such lots ; and it may be well for the defendant to consider whether he has any other interest in this strip of land than as a way or means of access to his own and other lots fronting on the street, as it was shown to exist on the plan of lots referred to in his deed.   It is enough, however, for the purposes of this case to say that the judgment of the court below was right, and it is now affirmed.