# Shetter *v.* Welzel, Appellant.

*Real property—Deeds—Unopened street—Description of land as bordering on street—Vacation of street by municipal ordinance—Obstruction of street by grantor—Estoppel by deed—Equity—Injunction.*

1. A grantor of land who describes a lot conveyed as bounded by a street plotted upon the city plan but unopened, will be estopped as against his grantee to deny the existence of the street, though the street has subsequently been vacated by a municipal ordinance, and it is immaterial whether by the conveyance, the fee to the land comprised in the street vested in the grantee, or whether it remained in the grantor.

2. A grantor of land who describes a lot conveyed as bounded by a street plotted upon a plan made by him and duly recorded, impliedly covenants that he will open the street at least for the use of his grantee, where at the time of the conveyance the street has not been opened; it is immaterial in such case that the street is not then plotted upon the city plan.

3. On a bill in equity for an injunction to restrain defendants from maintaining buildings on land which plaintiffs alleged should be kept open as a street, where it appeared that the original owner under whom plaintiffs and defendants claimed had conveyed the lot owned by plaintiffs to plaintiffs' predecessor in title by a deed which described the lot as bounded by a street; that defendants had erected the buildings complained of on the land comprised in the street, and that the street was plotted on a plan which the owner had made and recorded previous to the conveyance, and defendant contended that the street had been plotted on a city plan and had been vacated before the conveyance, and plaintiffs contended it had been vacated after the conveyance, the court made no error in awarding the injunction, as in either case the grantor and his successors in title were estopped to deny the existence of the street as against the grantee and his successors in title.

Argued May 26, 1913. Appeal, No. 17, May Term, 1913, by defendants, from decree of C. P. Dauphin Co., Equity Docket, No. 456, awarding an injunction in case of Marlatt A. Shetter and Edwin O. Shaffner v. Charles F. Welzel, William C. James, Caroline Jacobs and Jacob

J. Baughman. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction to restrain defendants from obstructing a street. Before McCARRELL, J.

Plaintiffs purchased a lot of ground on July 29th, 1909. Their predecessor in title, James Calder, on or about June 19th, 1872, laid out two acres and six and nine-tenths perches of his land on a plan showing lots and streets, including the street and the said lot, and on November 4th, 1872, sold the lot to Robert Tippett in accordance with his plan, which was duly recorded in the recorder's office of Dauphin County.

Swatara street extending west of Crescent street to the limit of his land, and Nectarine street, from Swatara street to Berryhill street, as adopted by him on said plan, had been on the official map of the city, but the court found it had been vacated before Calder made his plan.

By sundry mesne conveyances the plaintiffs acquired legal title to the lot which was at the corner of Crescent and Swatara streets, as shown on the Calder plan.

In 1897 defendants Baughman, James and Jacobs acquired title to the northern half of said Swatara street west of Crescent street, as shown on the Calder plan, sixty feet in width, and subsequently built two houses thereon. In 1907 defendant Welzel acquired title to the southern half of said Swatara street, sixty feet in width, west of Crescent street, as shown on the Calder plan, and enclosed it by a fence on the line of Crescent street.

On August 3d, 1910, plaintiffs filed their bill to restrain defendants from obstructing this highway, to wit, Swatara street, west of Crescent street, as shown on the Calder plan, on the ground that said street had been dedicated by James Calder, the original proprietor, to the use of plaintiffs and the public forever.

The court on final hearing awarded an injunction re-

straining defendants from maintaining the obstructions complained of.   Defendants appealed.

*Errors assigned* were in dismissing various exceptions to the findings of fact and law of the trial judge and the decree of the court.

*William M. Hargest,* of *Hargest & Hargest,* with him *Jacob H. Reiff* and *Lyman D. Gilbert,* for appellants.

*Daniel S. Seitz,* for appellees.

OPINION BY MR. JUSTICE STEWART, October 13, 1913 :

If Swatara street extending West from Crescent street in the City of Harrisburg, was an existing plotted, though unopened, street appearing on the official map of the city when in 1873 James Calder made his conveyance to Tippett, plaintiffs' predecessor, wherein he described the lot sold as "situate on the corner of Swatara and Crescent streets, being lots Nos. 1, 2, 3, 4 and 5 in the plan of lots laid out by said James Calder, bounded and described as follows: Beginning at the corner of Swatara and Crescent streets, thence along Crescent street 100 feet, more or less, to corner of lot No. 6 on the plan of lots aforesaid......thence along Swatara street 75 feet 4 inches to Crescent street, the place of beginning," the reference in the deed to Swatara street must be understood as adopted merely for purpose of convenient description.

"Where reference is made by a grantor to a street located by a municipality, but unopened, it is merely for the convenient description of the property": Tesson v. Porter Co., 238 Pa. 504.    In such case no implied covenant would arise from the deed on Calder's part that Swatara street should always be maintained as an open highway, and, therefore, no liability would result to Calder because of subsequent relinquishment of the city's right to open the street by vacating it as

plotted: Bellinger v. Burial Ground Society, 10 Pa. 135. Nevertheless, as was ruled in Dobson v. Hohenadel, 148 Pa. 367, Calder, as grantor, would, as against Tippett, be estopped by his own deed from denying the existence of the street, or interfering with the use of it by his grantee. This same doctrine is recognized in Bellinger v. Burial Ground Society, supra. And what we have said would be true whether upon a vacation of the street by the municipality the ownership of the street remained in Calder, or had passed to his grantee, Tippett. It is unnecessary for the purposes of this case to decide to whom it belonged after vacation. The defendants here having derived whatever title they have to the ground relinquished by the city for street purposes from James Calder through intermediate conveyance, stand in his shoes; and if Calder would have been estopped as against Tippett and his successor in title from denying the existence of the street, no less must they be.

If, on the other hand, Swatara street was no longer a plotted street on the city plan when Calder conveyed to Tippett, the effect of the reference in his deed to Swatara street as a boundary according to a plan or plot of his own duly filed and recorded, created an implied covenant on his part that he would open the street at least for the use of his grantee.

"When a proprietor of land lays it out in lots which he afterwards conveys according to a plan which shows that the lots are upon a street, the conveyance of the lots bounded on the street is a dedication of the land covered by the plotted streets to the use of the lot owners as a means of access to their lots": Dobson v. Hohenadel, supra.

So that it comes to this: in considering the question of the right of these plaintiffs to the free and unobstructed use of Swatara street, it is a matter of no consequence when the rights of the city in the street were relinquished by vacation. If the vacation was effected by Act of Assembly, prior to the time when Calder con-

veyed to Tippett, Calder was chargeable with knowledge of such fact, and by describing the lot conveyed as bounded by Swatara street, according to a plan of lots made by himself, he impliedly covenanted with his grantee that such streets should be kept open.

"Of course an owner may dedicate his ground to public use as streets by dividing his land into lots and streets upon the plan made for the purpose, and sell the lots in accordance therewith. But in such case, the acts done are his own acts, and because they are his they justify the inference of dedication": In re Opening of Brooklyn Street, 118 Pa. 640. If the vacation was effected by the city ordinances subsequent to the deed from Calder to Tippett, while Calder would in such case not be liable on any implied covenant to keep and maintain Swatara street open, yet, having by his deed conveyed a lot bounding on Swatara street, he would be estopped from doing what would be inconsistent with good faith in the way of obstructing the enjoyment of that which he had granted.

These defendants have no other rights in what was Swatara street than those derived through James Calder; whatever limitations rested on Calder now rest on them, and these operate to restrain them from obstructing plaintiffs' free access to the street. It follows that the injunction was properly issued. The assignments of error are overruled and the decree is affirmed.