## Bell, Appellant, v. The Pittsburgh Steel Co.

*Municipalities—Boroughs—Streets and alleys—Plan of lots—Adoption of streets—Vacation—Obstruction—Lot owners—Equity—Injunction—Rehearing.*

1. A sale of lots by a private owner, according to a plan which shows them to be on a street, implies a grant or covenant to the purchasers that the street designated on the plan shall remain open for the use of the lot owners, and operates as a dedication of the street to public use. The rights of the lot owners in such a case are founded in the contract of the parties, and do not depend upon the acts of municipal authorities.

2. Where a copy of such a plan of lots showing the streets and alleys in the proceedings for the incorporation of a borough is recorded, together with the decree, this is notice of the intention

of the borough to take over the streets and alleys shown by the plan as its system of public highways.

3. When a borough has made all the streets and alleys shown upon such a plan public highways, such an action is an appropriation by the borough of the rights of the owner of the land covered by the plan of lots to the land contained within the said streets and alleys for public purposes, and thereafter all such streets and alleys are streets and alleys of the borough and subject to municipal control.

4. One who purchases a lot shown upon such a plan after the streets and alleys located thereon have been acquired by a municipality, is not in the position of one purchasing a lot from a private owner according to a plan showing streets and alleys laid out by such owner, not accepted or adopted as public highways by municipal authority, but takes the lot with notice that the streets and alleys are controlled and maintained by borough authorities as public highways, subject to the right of vacation thereof.

5. A borough was first laid out as an industrial town by a private land company in 1898. At that time a plan of lots, showing streets and alleys, was duly recorded by the land company. A few months thereafter the borough was incorporated, and the streets and alleys shown on the plan aforesaid were adopted by the borough as streets and alleys of the borough. Subsequently the plaintiff acquired title to a lot shown on said plan. After certain of said streets and alleys had been duly vacated by the proper authorities, and had been occupied by the defendant in the operation of its plant, plaintiff filed a bill in equity to restrain the obstruction of such streets and alleys. It did not appear that her property abutted on any of the vacated streets or alleys, or that she was injured by such occupation, or that access to her property was interfered with. The lower court dismissed the bill. *Held,* no error.

6. The action of a trial court in refusing to open such a case and to grant a rehearing will not be reversed where there is no abuse of discretion.

Argued Oct. 10, 1913. Appeal, No. 229, Oct. T., 1913, by plaintiff, from decree of C. P. Westmoreland Co., No. 800, in Equity, dismissing bill in case of Rosa Bell v. The Pittsburgh Steel Co. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain the obstruction of certain streets and alleys. Before COPELAND, P. J.

From the record it appeared that on February 16, 1898, a plan of lots, showing certain streets and alleys located thereon, was duly acknowledged and was recorded in the County of Westmoreland on February 24, 1898, by a land company owning the property plotted. On September 3, 1898, the Borough of Monessen was duly incorporated. The ground covered by the plan aforesaid was included within the limits of the borough. The plan of the borough attached to the decree of incorporation and duly recorded showed the same streets and alleys that were located upon the plan of lots aforesaid.

On October 31, 1901, the land company conveyed one of its said lots shown on said plan to William Wolf, who on February 3, 1902, conveyed the same to plaintiff.

Upon petition of the owners of all the property abutting on the lines of certain streets and alleys shown upon the original plan of lots aforesaid, and upon the plan attached to the decree incorporating the borough as aforesaid, said streets and alleys were duly vacated by the Borough of Monessen, and the same were subsequently occupied by the defendant, the Pittsburgh Steel Company, and used in connection with its steel plant. Plaintiff's lot did not abut upon any of the streets or alleys vacated. She filed her bill in equity to restrain the obstruction of the streets and alleys aforesaid. No evidence was offered at the trial to show that she had sustained any damage by reason of such changes, or that her means of ingress or egress to and from her property were affected in any way. The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing plaintiff's exceptions to various findings of fact and law, and the decree.

*Charles C. Crowell,* with him *Joseph T. Bell,* for appellant.—The act of incorporation could amount to no more than an informal acceptance of the streets and alleys as laid out in the recorded plan; nor could the

act of the borough in granting a public service corporation the right to use the streets amount to anything more: Philadelphia v. Thomas, 152 Pa. 494.

The court below, in assuming that the only way by which the rights of third parties might intervene, where the owner has laid out his property in streets and alleys, would be by the sale of a lot, lost sight of the fact that there are other ways by which the rights of third parties may intervene, to wit, by the sale of a lot, by the use of the streets by the public, or by their acceptance by the municipality: Pittsburgh v. Epping-Carpenter Company, 194 Pa. 328; O'Donnell v. Pittsburgh, 234 Pa. 401.

The right of the plaintiff to enjoy the streets as laid out by the original grantor became fixed by the acceptance of such streets by the borough, and when the latter subsequently vacated the streets it left them subject to the private contract rights of the land company.

*Robert W. Smith*, with him *Willis F. McCook, Benj. J. Jarrett*, and *James S. Moorhead*, for appellee.—The rights of the public first vested in these streets when they became public highways by municipal action, and those who purchased lots later bought them with streets and alleys with the status of public highways already conferred, not by the owner of the land, but by the action of the borough authorities: Fitzell v. Philadelphia, 211 Pa. 1; Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Philadelphia v. Thomas Heirs, 152 Pa. 494; Tesson v. Porter Company, 238 Pa. 504.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

While this case presents a voluminous record, the precise question for decision is within very narrow limits. Appellant strongly urges that the case at bar is ruled by O'Donnell v. Pittsburgh, 234 Pa. 401, and the line of cases with which it is in harmony, including the more recent case of Chambersburg Shoe Mfg. Co. v. Cumberland V. R. R. Co., 240 Pa. 519. These cases hold that a

sale of lots by a private owner according to a plan which shows them to be on a street implies a grant or covenant to the purchasers that the street designated on the plan shall remain open for the use of the lot owners, and operates as a dedication of the street to public use.   The rights of lot owners in such a case are founded in the contract of the parties and do not depend upon the acts of municipal authorities.   This must be considered as settled law under our decisions, and there is no disposition to disturb this established rule when the facts warrant its application.

Appellee, on the other hand, relies on Tesson v. Porter Co., 238 Pa. 504, to sustain its position in the present controversy.   The learned court below sitting as a chancellor, after finding the essential facts upon which the rights of the parties depend, decided in favor of the defendant company.   In so deciding the chancellor followed the authority of Tesson v. Porter; and differentiated the present case from O'Donnell v. Pittsburgh upon its facts.   In our opinion the decision of the case turns upon the findings of fact, and unless there be manifest error in the findings, an appellate court would not be justified in reversing the decree.   The evidence was sufficient to warrant the findings and certainly it cannot be justly said that there was manifest error in respect thereto.   The sixth finding of fact is as follows:  "All of the streets and alleys shown on plaintiff's exhibit No. 1, became streets and alleys of the Borough of Monessen prior to the conveyance by the East Side Land Company to William Wolf on October 31, 1901, and so far as the testimony in this case shows, no lots in said plan were sold by the East Side Land Company prior to the adoption of all the streets and alleys, as shown on defendant's exhibit No. 1, as streets and alleys of the Borough of Monessen."   Under the authority of our cases the second conclusion of law logically followed the above stated finding of fact.   The learned chancellor stated this conclusion of law in the following language:

"When the Borough of Monessen made all of the streets and alleys public highways, no lots in said plan having been sold by reference thereto, and no rights of third persons having intervened, such action was an appropriation by the Borough of Monessen of the rights of the East Side Land Company to the land contained within said streets and alleys for public purposes, and thereafter all the streets and alleys as shown on said plan were streets and alleys of the Borough of Monessen and subject to municipal control." We think the conclusion of the learned chancellor in the court below, under the facts above stated, necessarily followed what was said by this court in Tesson v. Porter Company. In that case this court speaking through our Brother BROWN of a situation very similar to the one disclosed by the present record, said: "No lot included in his plan (being the plan of the private owner) was sold by him until after the borough had located and adopted as a public highway every street and alley which appeared on his plan.......From that time (the adoption of the plan by the municipal authorities) all of the streets and alleys, as shown on the borough plan, were located, but unopened, public thoroughfares, subject to the control of the borough." That case and others of similar import are predicated upon the theory that the mere making of a plan of lots, even if the plan be recorded, does not constitute a complete dedication, until the rights of third persons have accrued by the sale and purchase of lots or by public use. A private owner who lays out a plan of lots with plotted streets and alleys may change or alter his plan, or may abrogate it altogether, if he does so before the rights of the public or of individuals purchasers of lots become vested: Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Willock v. Beaver Valley R. R. Co., 222 Pa. 590. This doctrine is peculiarly applicable to the case at bar. Monessen was first laid out as an industrial town by a private land company in the spring of 1898, a few

months prior to its incorporation as a borough in September of that year.  On account of the large industrial establishments located at that place it had a very rapid growth.  All of which must have been in contemplation by those who laid out the town and were interested in its development.  Its necessities demanded incorporation as a borough and this was done as soon as practicable after the launching of the enterprise.  We have the right to assume from the facts presented by this record that the incorporation of the town as a borough was contemplated by all interested parties from the beginning.  It was to the interest of the public generally, of the business men and residents of that community, and of the purchasers of lots, that the town should be incorporated so that proper public improvements could be made.  Even the promoters of the land company must have entertained this view of the situation because all interested parties seemed to unite in the application to be incorporated.  A copy of the plan of lots showing the streets and alleys was attached to the proceedings for incorporation and was recorded together with the decree in the office for the recording of deeds in Westmoreland County.  This was notice to everybody of the intention of the borough to take over the streets and alleys shown by the plan as its system of public highways. This was followed by other acts of the borough authorities sufficient in law to constitute an adoption of the streets and alleys as public thoroughfares.  The learned court below has so found and this conclusion is not controverted by the appellant here.  We, therefore, have a situation in which the borough exercised control over the streets and alleys from within a few months of the time the original plan was laid out, and several years before appellant, or her predecessor in title, purchased a lot.  When appellant purchased, the streets and alleys were public highways, made so by the acts of the borough authorities.  She was not in the position of one purchasing a lot from a private owner according to a

plan showing streets and alleys laid out by that private owner, but not accepted or adopted as public highways by municipal authority. If she had purchased from a private owner before the streets and alleys had become public highways, her only protection would have been the implied covenant of her grantor that the streets and alleys shall remain open for the use of the lot owners, and of the public as well, as a means of access to their properties. In point of fact, she was not confronted with a situation of this kind at the time of her purchase, and she did not rely on an implied covenant made by her grantor, but she purchased with notice that the streets and alleys were controlled and maintained by the borough authorities as public highways. These facts clearly distinguish the present case from the line of cases relied on by learned counsel for appellant. ·

Complaint is also made that the learned court below erred in refusing to open up the case and grant a rehearing upon the petition of plaintiff. Matters of this kind are largely within the discretion of the trial court, and as a rule do not constitute reversible error: Shea's App., 121 Pa. 302. There was no abuse of discretion in the present case, and as we view the record, no advantage would have resulted to appellant if she had succeeded in establishing the fact that some other person had purchased a different lot prior to the incorporation of the borough. Appellant stands upon her own rights and the burden was upon her to establish the necessary facts to entitle her to ask the intervention of a court of equity to grant the relief prayed for. She failed to make out such a case and the court below very properly dismissed her bill.

Under all the circumstances we feel that the costs should be equally divided between the parties, and it will be so ordered.

Decree affirmed. Costs to be equally divided and paid by the respective parties.