# Henderson et al., Appellants, v. Young et al.

*Real property—Easements—Conveyance of land abutting on street plotted but not opened—Subsequent vacation—Equity—Injunction—Refusal.*

1. A deed describing property as bounded by a street plotted on a city plan but not opened does not convey to the grantee an easement over the bed of the proposed street or entitle him to a right of passage where the street is never opened and is subsequently vacated by the city.

2. Where in the trial of a proceeding in equity to restrain interference with plaintiff's alleged easement over a street bounding his property it appeared that the deed conveying the property in question to plaintiff's predecessor in title described the premises as extending to the side of a named street which at the time was plotted on the city plan but not opened and that other property of said grantor abutting on and including the bed of the street had passed into the hands of the various defendants who were using the street for lawns, trees, shrubbery, fences and buildings, and where it appeared that the street had been formally vacated and stricken from the city plan, and there was no evidence that said grantor had ever plotted the said street on a plan made by him or adopted it as part of a development of an abutting tract, but merely used the street plotted by the city as a boundary in the conveyance to the plaintiff's predecessor in title, a bill to restrain interference with plaintiff's alleged easement over the street was properly dismissed.

Tesson v. Porter Co., 238 Pa. 504; Bell v. Steel Co., 243 Pa. 83; and Shetter v. Welzel, 242 Pa. 355, applied and explained.

Argued Jan. 10, 1918. Appeal, No. 159, Jan. T., 1917, by plaintiffs, from decree of C. P. No. 4, Philadelphia

Co., March T., 1916, No. 3447, dismissing bill in equity, in case of George Henderson, and Bertha S., his wife, v. Elizabeth T. Young, Elizabeth A. Hill, Arrie J. Allen and Abraham C. Mott. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction to restrain interference with an easement. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiffs appealed.

*Errors assigned* were various findings of fact and law and the decree of the court.

*S. G. Birnie,* with him *George Henderson,* for appellants.—Even though a plotted street duly confirmed is not opened or though it is stricken from the city plan, nevertheless all easements of rights of passage remain unaffected: Crow v. Wolbert, 7 Philadelphia 178; Twibill v. Lombard & S. St. Pass. Rys. Co., 3 Pa. Superior Ct. 487; Wickham v. Twaddell, 25 Pa. Superior Ct. 188; Shetter v. Welzel, 242 Pa. 355.

When land is conveyed as bounded by a street which happens to be plotted on the city plan, but is not opened, the grantee takes the fee in the land to the side of the street, and, by implication, acquires an easement of passage or right of way over the bed of an unopened street referred to, if the same is owned by the grantor, unless the circumstances attending the conveyance and the description of the ground negative such an implication: Neely v. Philadelphia, 212 Pa. 551; Crow v. Wolbert, 7 Philadelphia 178; Cox v. Freedley, 33 Pa. 124; In re Lehigh Street, 81 Pa. 85; Opening of Brooklyn St., 118 Pa. 640; Opening of Wayne Avenue, 124 Pa. 135; Whitaker v. Phœnixville Boro., 141 Pa. 327; Hancock v. City of Philadelphia, 175 Pa. 124; Cole v. City of Philadelphia, 199 Pa. 464; Twibill v. Lombard & S. St. Pass. Rys.

Co., 3 Pa. Superior Ct. 487; Shetter v. Welzel, 242 Pa. 355; Carroll v. Asbury, 28 Pa. Superior Ct. 354.

*James Wilson Bayard,* with him *Prichard, Saul, Bayard & Evans, Bernard J. O'Connell* and *Maurice W. Sloan,* for appellees, cited: Opening of Brooklyn St., 118 Pa. 640; Bellinger v. Union Burial Ground Society, 10 Pa. 135; Fitzell v. Philadelphia, 211 Pa. 1; Neely v. Philadelphia, 212 Pa. 551; Easton Boro. v. Rinek, 116 Pa. 1; Scranton City v. Thomas, 141 Pa. 1; Union Burial Ground v. Robinson, 5 Wharton 18; Bliem v. Daubenspreck, 169 Pa. 282; Tesson v. Porter, 238 Pa. 504.

OPINION BY MR. JUSTICE FRAZER, February 25, 1918:
The single question raised in this case is whether a deed describing property as bounded by a street plotted on the city plan but not opened, conveys to the grantee an easement over the bed of the proposed street, and entitles him to a right of passage even though the street is not opened and is subsequently vacated by the city.

In 1886, John Welsh, owner of a tract of land situated in Philadelphia sold a part of the property, including the lot here in question, to plaintiff's predecessor in title by deed which described one of the boundaries on the land as extending "to the northeast side of Arbutus avenue thence along the said side of Arbutus avenue," etc., "together with all the......ways, streets, alleys, passages ......rights, liberties, privileges, hereditaments and appurtenances" belonging to the premises. At the time of the conveyance Arbutus street was on the city plan but not opened, and the land over which it was plotted, as well as other land abutting thereon, belonged to the grantor. Plaintiffs acquired title in 1891, at which time there was a fence along the line of Arbutus street in which was a gate affording access to the street. Other parts of the property of John Welsh abutting on and including the bed of the street, have passed into the hands

of the various defendants in this proceeding, all of whom have used the street for lawns, trees, shrubbery, fences and buildings. The street was formally vacated and stricken from the city plan in 1912. There is no evidence that Welsh plotted Arbutus street on a plan made by him or adopted it as part of a development of the abutting tract, but merely used the street plotted by the city as a boundary in the conveyance to plaintiff's predecessor in title.

Had Welsh, the common grantor, laid out his property in lots abutting on a street in accordance with a plan of his making, neither he nor his privies in title could be heard to deny to a subsequent purchaser of a lot abutting thereon the right to a continued existence and use of the street: Dobson v. Hohenadel, 148 Pa. 367; O'Donnell v. Porter Co., 238 Pa. 495; Shetter v. Welzel, 242 Pa. 355. Such, however, is not this case. The trial judge found, and in fact it was agreed between counsel at the trial, that Welsh never plotted or adopted the street in question as part of the development of his property, consequently the conclusion of the trial judge that a reference to the street as a boundary conveyed no easement over it other than that which would follow as a result of the subsequent action of the city in opening it as plotted to public use, is amply sustained by the authorities. The distinction between the case where the owner of land lays property out in lots abutting on a street of his creation, and one where he merely recognizes in his conveyance a street plotted by a municipality is pointed out in Tesson v. Porter Co., 238 Pa. 504, where the earlier cases are fully reviewed. The following excerpt from the opinion is particularly applicable here (pages 509, 510) : "If anything is to be regarded as settled, it is that, when one who is the owner of a tract of land in a municipality cuts it up into lots and sells them as laid out on a plan which he has adopted, showing streets and alleys thereon, there is not only an implied covenant by him to the owner of each lot that the streets and alleys, as they ap-

pear upon his plan, shall be forever open to the use of the public, but a dedication by him of the same as highways to the use of the public forever, and the municipality itself cannot extinguish the easement which each lot owner thus acquires by private contract with the owner of the plot of ground: Transue v. Sell, 105 Pa. 604; Quicksall et al. v. Philadelphia, 177 Pa. 301; Garvey v. Harbison-Walker Refractories Co., 213 Pa. 177; O'Donnell v. Pittsburgh, 234 Pa. 401. But no such situation is here presented. There is nothing in the testimony to show a plan by Miller [the grantor] upon which he originally located streets and alleys. On the contrary, as the learned chancellor below justly concluded, he laid out his plan to conform to the streets as located and established by the municipality, and no lot included in his plans was sold by him until after the borough had located and adopted as a public highway every street and alley which appeared on his plan." Following a further discussion of the facts and principles of law involved, the court quotes extensively from opinions in the earlier cases of Bellinger v. Union Burial-Ground Society, 10 Pa. 135, and In re Opening of Brooklyn Street, 118 Pa. 640, concluding with the following language: "To sum up the situation before us, the streets appearing on the Miller plan were highways laid out by the Borough of Lawrenceville; they were not thoroughfares created by Miller for the benefit of the owners of the lots on his plan, and the City of Pittsburgh, the successor of the Borough of Lawrenceville, was, therefore, fully authorized to vacate the streets and alleys without violating any implied covenant by Miller to his grantees of a right to use them forever. No distinct private right, different from the rights of the public generally, was conferred by Miller upon any one of the lot owners."

Tesson v. Porter was followed in Bell v. Pittsburgh Steel Co., 243 Pa. 83, where it appeared that although the entire plan of the borough had originally been plotted by a private company it was formally adopted by the in-

corporation of the borough before property included in the plan was sold.   We there held the act of the borough was an appropriation of all the rights of the owner of the tract of land included in the plan, and a subsequent purchaser was not in the position of one purchasing from a private owner according to a plan laid out by him, but took with notice that the streets were controlled by the municipality, and subject to the right of vacation. This case, when considered in the light of the circumstances, is in full harmony with Tesson v. Porter Co., supra, and does not sustain appellants contention.   The same is true of Shetter v. Welzel, 242 Pa. 355, where the owner of the land laid the property out in plots showing the street obstructed by defendant, and although the street was shown in the official plan of the city, the court found it had been vacated before execution of the conveyance referring to it; the basis of the decision is shown in the following language of the opinion (page 358) : "If on the other hand, Swatara street was no longer a plotted street on the city plan when Calder conveyed to Tippett, [plaintiff's predecessor] the effect of the reference in his deed to Swatara street as a boundary according to a plan or plot of his own duly filed and recorded, created an implied covenant on his part that he would open the street at least for the use of his grantee."

Inasmuch as the obstructions objected to are not on that part of the vacated street on which plaintiffs' property abuts, we deem it unnecessary to either discuss or decide the question to whom belonged the bed of the street after its vacation by the city.

The decree of the court below dismissing plaintiffs' bill is affirmed with cost to appellee.