Snyder et al., Appellants, *v.* Commonwealth,
Appellant.

Argued January 10, 1946. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William M. Rutter,* Deputy Attorney General, with
him *Philip H. Lewis,* Deputy Attorney General, *James*

*H. Duff,* Attorney General, *H. Ray Pope* and *Theodore G. Confer,* for Commonwealth.

*Charles H. Weidner,* with him *Philip F. Schmehl* and *Stevens & Lee,* for plaintiffs.

OPINION BY MR. JUSTICE LINN, March 25, 1946:

The Commonwealth appeals at No. 14 from the refusal of its motion for judgment nothwithstanding the verdict for the plaintiffs in a proceeding brought to recover damages for the alleged taking of plaintiffs' land in the enlargement of State Highway Route No. 157, also known as Fifth Street, in the Borough of Laureldale, Berks County.

The plaintiffs purchased a tract of land and laid it out in building lots, some fronting on streets plotted as West Kent Road, East Kent Road, Kent Avenue, and Fifth Street. This plan [1] was recorded May 22, 1940, and shows Fifth Street 120 feet wide. At the time the plan was made and recorded, Fifth Street was a public road 36 feet wide. Thereafter, on July 12, 1941, the Commonwealth, by appropriate action of the Governor, located a State Highway 80 feet wide and, as of that date, appropriated the land for highway purposes. This state highway, 80 feet wide, contained the 36 feet wide road then in use and was at all points within the lines of Fifth Street as plotted on plaintiffs' recorded plan. They claim damages for taking so much of the land as was outside the 36 feet which had originally constituted the highway. They received a verdict of $1,000,

---

[1] The copy of the plan contained in the record is designated as
BELMONT PARK
REVISED
Situate in The
BOROUGH OF LAURELDALE
Berks County Penna.
Developed By
SNYDER AND HINNERSHOTS
BELMONT PARK DEVELOPERS.

moved for a new trial and, on the refusal of their motion, appealed to this court at No. 17 January Term.

The Commonwealth contends they dedicated their land and are not entitled to recover. We all agree that the plaintiffs by their conduct in preparing and recording their plan and selling lots with reference to it, must be held to have dedicated to the use of persons to whom they sold lots and to the use of the public, so much of their land as lay within the limits of the streets plotted and shown by them on their plan. This results from the implied contract of the parties: *In re Opening of Brooklyn Street,* 118 Pa. 640, 646, 12 A. 664. The appropriation by the Commonwealth was an acceptance of the dedication: *Milford Borough v. Burnett,* 288 Pa. 434, 136 A. 669. While no lots abutting on Fifth Street were sold, a number of lots were sold in other parts of the tract.

The controlling principle has been stated frequently. In *Quicksall v. Philadelphia,* 177 Pa. 301, 304, 35 A. 609, we said: "The sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public, and operates as a dedication of them to public use. The right passing to the purchaser is not the mere right that he may use the street, but that all persons may use it: Dovaston v. Payne, 2 Sm. L. C. 154; McCall v. Davis, 56 Pa. 431; Davis v. Sabita, 63 Pa. 90; Transue v. Sell, 105 Pa. 604; In re Opening of Pearl Street, 111 Pa. 565. In the case last cited it was said that when one 'sells and conveys lots according to a plan which shows them to be on streets he must be held to have stamped upon them the character of public streets. Not only can the purchaser of lots abutting thereon assert this character, but all others in the general plan may assert the same. The proprietor is in no condition to afterwards revoke this dedication.' Such a dedication was said in Heckerman v. Hummel, 19 Pa. 64, to be a contract with the public. The distinction

between the sale of lots according to a plan made by the owner upon which streets are laid out and the mere reference in aid of description to streets projected by the municipality is manifest. In the former case the inference of dedication arises, in the latter it does not."

By the application of that principle, judgment should have been entered for the Commonwealth. The error in the view taken by the majority of the learned court below appears in the following extract from its opinion refusing the Commonwealth's motion: "Under the circumstances of this case, we must conclude that the mere placing of two lines upon the plan is too indefinite to be construed as a dedication at the time. There is nothing upon the map or plan which shows that the plaintiffs intended the strip of land as a public highway,—at least there is great difficulty in determining with certainty just whether plaintiffs did dedicate or intend to dedicate the same to public use. There is no oral testimony which supports the defendant's contention. On the contrary, there is oral testimony that there was no such intention." We must reject that limited view of the record. The evidence is that plaintiffs not only placed two lines upon the plan and showed them to be 120 feet apart, but that they also designated the area between the lines as "Fifth Street Highway." They laid out their tract in building lots, some fronting on Fifth Street, others on the other streets shown on the plan. They recorded the plan. While no lots abutting on Fifth Street had been sold at the time of the trial, a number of other lots on other plotted streets were sold with reference to the plan. When they made and recorded their plan of lots, there was no Fifth Street, 120 feet wide, on any public plan, so that it cannot be said that by showing lots bounded by Fifth Street, 120 feet wide, the Fifth Street boundary, established on the plan was (in the words quoted above from *Quicksall v. Philadelphia*) a "mere reference in aid of description to streets projected by the municipality . . ." The oral

testimony to which the court refers was given by one of the plaintiffs who testified "We had no intention to dedicate or give any ground to the State of Pennsylvania." But if the legal effect of their conduct, outlined above, was, as the cases show,[2] to dedicate all the land owned by them between the street lines shown on their plan, their testimony at the trial that they had no intention of dedicating cannot be received to contradict the plain legal effect of their recorded instrument and subsequent sales with reference to it. "The *substantive law* may declare the intent of a person to be immaterial; in that case, testimony to his intent, from himself or from any one else, will be excluded, but not by virtue of the Opinion rule or of any other rule of evidence. For example, in considering whether land has become a *highway by dedication* of the owner, his intention to dedicate may be proper to regard; while, on the other hand, if his outward conduct has amounted to a dedication, a secret intention to the contrary may not be allowed to affect the result." 7 Wigmore (3rd ed.) section 1967.[3]

As no land was taken from plaintiffs, they cannot recover for damage resulting from the change of grade: *Brewer v. Commonwealth,* 345 Pa. 144, 27 A. 2d 53.

---

[2] *Quicksall v. Philadelphia,* 177 Pa. 301, 35 A. 609, and cases cited on page 304 of that opinion; compare *Tesson v. Porter Co.,* 238 Pa. 504, 86 A. 278; *O'Donnell v. Pittsburgh,* 234 Pa. 401, 83 A. 314; *Bell v. Pittsburgh Steel Co.,* 243 Pa. 83, 89 A. 813; *Shetter v. Welzel,* 242 Pa. 355, 89 A. 455; *Gailey v. Wilkinsburg Real Estate Tr. Co.,* 283 Pa. 381, 129 A. 445; *Rialto B. & L. Ass'n v. Commonwealth Title Co.,* 327 Pa. 93, 192 A. 635.

[3] See also *Indianapolis v. Kingsbury,* 101 Ind. 200, 213; *Miller v. City of Indianapolis et al.,* 123 Ind. 196, 24 N.E. 228; *City of Kaufman v. French,* 171 S.W. 831 (Texas); *Clark v. City of Elizabeth,* 40 N.J.L. 172; *Hanson v. Proffer,* 23 Idaho 705, 132 Pac. 573; *City of Louisville v. Mutual Life Ins. Co. of Ky.,* 147 Ky. 141, 143 S.W. 782; *City of Los Angeles v. McCollum,* 156 Cal. 148, 103 Pac. 914; *East Birmingham Realty v. Birmingham Machine & Foundry Co.,* 160 Ala. 461, 49 So. 448; *Morgan v. Chicago & Alton R. R. Co.,* 96 U. S. 716, 723.

No. 14, judgment reversed and here entered for defendant.

No. 17, appeal dismissed.