Sedwick *v.* Blaney et ux., Appellants.

Argued November 12, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

W. *Davis Graham*, for appellants.

*Robert D. Noel, Jr.*, for appellees.

OPINION BY GUNTHER, J., January 14, 1955:

Plaintiffs are owners of lots purchased from a common grantor, the heirs of H. E. Montgomery. The east side of the lots abut on a roadway the use of which was specifically granted plaintiffs in their respective deeds. Defendants own lots on the other side of the roadway and abutting thereon. The latter were purchased from Grant Zellefrow who bought from H. E. Montgomery by deed making no reference to any roadway. Plaintiffs sought to enjoin defendants from using the roadway. The court below granted the relief prayed for and entered an appropriate decree. Defendants' exceptions thereto were dismissed and this appeal followed.

Defendants contend that there was a dedication of the roadway to the public and that therefore their use of it cannot be enjoined. Their argument is based on

the fact that in 1941 the heirs of H. E. Montgomery recorded a plan of lots, including plaintiffs' land and the roadway in .question. The plan did not indicate whether the road was to be public or private. Several lots from the plan were sold, including plaintiffs', and in each deed was a grant in language substantially as follows: "Together with the right to use a private road extending from State Highway Route No. 422 along the eastern boundary of the lands of the grantors where it joins lands of Grant Zillefrow so as to give the right of ingress and egress at all times from the said State Highway Route No. 422 to and from the lands herein conveyed to the Grantees, their heirs and assigns."

Defendants now attempt to invoke . the well settled rule of law that "where an owner of land subdivides it into lots and streets on a plan and sells his lots accordingly, there is an implied grant or covenant to the purchaser that the street shall be forever open to the use of the public and operates as a dedication of them to public use." *Rahn v. Hess,* 378 Pa. 264, 268, 106 A. 2d 461; *Quicksall v. Philadelphia,* 177 Pa. 301, 34 A. 609; *Snyder v. Commonwealth,* 353 Pa. 504, 46 A. 2d 247. The difficulty with defendants' position is that there must be not only a recorded plan of subdivision, as here, but sales of lots *according to the plan* in order to result in a dedication. An examination of the deeds in this case discloses that each of them describes the road in question as a "private road" and specifically grants the use thereof to the grantee. Some of the deeds do not even refer to the plan. This is therefore not the usual case of deeds selling lots from a plan by specific lot number as set forth in a specific plan of record. On the contrary, the grant in each deed of the right to use this "private road" clearly indicates that the grantors had no intention of dedicating the road to public use through the recorded plan

but they intended the road for the private use of those purchasing the various lots. Dedication rests upon the intention of the owners of the property. *Versailles Township Authority v. McKeesport,* 171 Pa. Superior Ct. 377, 90 A. 2d 581. Where an owner records a plan and sells lots according to that plan, the law, in effect, holds that he is presumed to have intended dedication. Here there is only the plan. The lots were not sold "according to the plan," but on the contrary the deeds indicate the intent to grant a specific right to use a private road. We conclude that there was no intention to dedicate and no sale of lots in a manner from which the law could infer such intent.

Decree affirmed.